## BRYAN, executor, v. BRYAN.

FISH, C. J.　To a proceeding to foreclose a mortgage on realty against the executor of the will of the mortgagor, the defenses set up were: (a) that the note which the mortgage was given to secure was without consideration; (b) that the testatrix, at the time she executed the note and mortgage, had, on account of disease and senility, little or no will power; (c) "that her imbecility of mind was such as to render her practically insane, and that the plaintiff . . abused her confidence in securing her signature to the contract;" and (d) that she, the testatrix, was under the influence of the plaintiff, her son, "in his house, and that by means of persuasion, threats, and improper methods he prevailed upon her and over her weakness, and thereby secured her signature to the paper in question, . . and that she was mentally incapable of assenting to or approving the same." The plaintiff's contention was that the note and mortgage were given to him in consideration of his caring for and furnishing the mortgagor a home for many years.

1. On the trial the court instructed the jury as follows: "Though you should believe from the evidence there was no express contract upon the part of Mrs. Bryan [the mortgagor and testatrix] to pay her son for such attention and care, yet if you believe the surrounding circumstances were such as to make it presumptive and indicate that it was the intention of both parties, that is to say, Mrs. H. E. Bryan and her son, that compensation should be paid him for rendering her such services, and you further believe that the note and mortgage in question were executed in consideration for such services, contracted under such circumstances and conditions and in such manner, then such consideration would be sufficient to support and uphold the mortgage and make such note and mortgage binding either against Mrs. H. E. Bryan or the executor of her estate." Held, that such instruction was not erroneous, especially in view of other instructions given on the subject, for either of the following reasons: (a) "That it led the jury to believe that the intention on the part of Mrs. Bryan, even if the intention existed only at the time of making the paper, would suffice to furnish said consideration of said paper sued on." (b) That it "more strongly presented the law against the defendant . . than was authorized."

2. The court instructed the jury as follows: "Mere weakness of mind, if the person be legally compos mentis, is no ground for setting aside a contract. And in order to show incapacity in a person who executes a contract, he or she must be shown to have been, at the time of the execution of the contract, non compos mentis in the legal acceptation of that term, which means, not a partial, but an entire loss of understanding." Error was assigned on this instruction, on the ground that it "requires the defendant to show that the maker of the paper was weaker mentally than would be necessary to nullify said contract." Authority for this instruction may be found in some of the earlier cases. *Potts* v. *House*, 6 *Ga.* 325 (50 Am. D. 329); *Maddox* v. *Simmons*, 31 *Ga.* 512. While these cases have not been overruled, they have been explained and somewhat modified by later decisions of this court. *Barlow* v. *Strange*, 120 *Ga.* 1015, 1018 (48 S. E. 344); *Slaughter* v. *Heath*, 127

*Ga.* 747, 754 (57 S. E. 69, 27 L. R. A. (N. S.) 1). See *DeNieff* v. *Howell*, 138 *Ga.* 248 (75 S. E. 202). In the sentence next succeeding the instruction excepted to, the court made a concrete application of the law in reference to mental capacity to contract, to the case on trial, by charging the jury as follows: "If you believe from the evidence in this case that Mrs. H. E. Bryan, at the time she executed to her son, J. W. Bryan, the note or mortgage in question, had strength of mind and reason sufficient to clearly understand the nature and consequences of her act, then, in contemplation of the law, you would be authorized in finding that she had sufficient capacity to make a contract that would bind her. If, on the other hand, you do not believe from the evidence that she possessed such strength of mind and reason to clearly understand the nature and consequences of her act in making such note and mortgage, then you would be authorized in finding that she did not possess sufficient mental capacity to make a contract." The instruction excepted to was, therefore, not cause for a new trial, especially in view of all that the judge charged on the subject.

3. Even if the instruction on the subject of undue influence was not strictly accurate, it was not cause for a new trial, as there was no evidence whatever tending to show that the note and mortgage were executed by the defendant's testatrix because of any undue influence brought to bear upon her by the plaintiff or any one else. See *Becker* v. *Donalson*, 138 *Ga.* 634 (75 S. E. 1122).

4. Where in a proceeding to foreclose a mortgage on realty, given to secure a promissory note, the original petition did not refer to attorney's fees, but upon the trial of the case an amendment was allowed to the petition and rule nisi, without demurrer or objection, setting forth that the defendant was indebted to the plaintiff ten per cent. as attorney's fees on the note, besides principal and interest, and upon the trial the defendant subsequently admitted a prima facie case in the plaintiff and assumed the burden, but no evidence was submitted tending to show that the plaintiff was not entitled to recover attorney's fees: *Held*, that it was not cause for a new trial that the court, in view of such admission, instructed the jury that if they should find for the plaintiff, he would be entitled to recover ten per cent. attorney's fees on the amount of the indebtedness which the jury might find was due him.

5. There was evidence to warrant the verdict, and the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*
NOVEMBER 20, 1912.

Mortgage foreclosure. Before Judge Worrill. Terrell superior court. August 19, 1911.

*M. C. Edwards* and *H. A. Wilkinson,* for plaintiff in error.
*M. J. Yeomans* and *W. H. Gurr,* contra.