### 10822. McMILLAN *v.* COCHRAN.

"Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire

contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument."

DECIDED DECEMBER 10, 1919.

Affidavit of illegality; from city court of Thomasville—Judge W. H. Hammond. June 30, 1919.

*H. J. MacIntyre,* for plaintiff in error.

*Hay, Joiner, Hammond & Crawford,* contra.

BROYLES, C. J. The headnote in this case is taken verbatim from the first headnote in *Bullard* v. *Brewer,* 118 *Ga.* 918 (45 S. E. 711). This proceeding was a foreclosure of a chattel mortgage which was attached to a promissory note. The note was given for the purchase-price of two mules, and the mortgage covered these mules and another mule, and was given to secure the payment of the note. The mortgagor (who was also the maker of the note) filed an affidavit of illegality, in which he alleged a total failure of consideration of the note and mortgage, in that the seller of the mules at the time of the sale expressly represented them to be reasonably suited to the use intended, to wit, that of farming mules; and that this representation was untrue, as neither of the mules was reasonably suited for a farm mule and they were worthless for that purpose. The sourt sustained a general demurrer to the affidavit of illegality, and the defendant in fi. fa. excepted.

The note and the mortgage which constituted the writing in this case bore the same date, evidenced the same contract, and were evidently executed simultaneously. Furthermore, there is a fair inference from the record that the original note and mortgage were written on the same sheet of paper. Under these circumstances the note and the mortgage should be considered together and as constituting a single writing, and this writing appears to set forth a certain, complete, and unambiguous contract. There is nothing whatever to indicate that it did not contain all the terms of the agreement between the parties. The maker of the note and mortgage agreed to pay the seller of the mules $703 on December 15, 1918, for one black horse-mule, six years old, named Jim, and one bay horse-mule, six years old, named Joe, with interest for maturity, payable annually, at eight per cent. per annum, at the holder's place of business, with all costs of collection, including ten per cent. of the amount as attorney's fees. The maker of the note and mortgage also waived all homestead and exemption rights

under the laws of this State or of the United States, and waived demand, protest, and notice of non-payment. The note also recited that it was expressly understood that the payee did not warrant the health or soundness of the mules for the purchase price of which the note was given. Further, the mortgage contained a stipulation that if as much as $325 should be paid on the note when due, the mortgagees would carry the balance of the note until December 15, 1919, without interest. In our opinion the writing in this case, as that in the *Bullard* case, supra, set forth what appears to be a complete, unconditional, and unambiguous agreement between the parties, and, there being no charge of fraud, accident, or mistake, parol evidence of prior or contemporaneous representations was inadmissible to add to, take from, or vary the written instrument.

The law of implied warranties is not involved in this case, since the defendant in fi. fa., in his affidavit of illegality, rested his defense *solely* upon the alleged breach of an express warranty. It follows from what has been said that the court properly dismissed the affidavit of illegality on general demurrer.

*Judgment affirmed. Bloodworth, J., concurs. Luke, J., disqualified.*