*Jones, Park & Johnston,* contra.

---

## 12569.   RAWLINGS *v.* FIELDS.

STEPHENS, J.  1. Where a written contract contains all the agreements respecting the subject-matter by which the parties are bound, contemporaneous or prior negotiations and agreements between the con-

tracting parties in reference to the same matters are, in the absence of
fraud, accident or mistake, irrelevant to establish the terms of the con-
tract entered into between the parties. Only the written contract will
be considered for the purpose of ascertaining the agreements in respect
to the subject of the contract by which the parties intended to be bound.
*Brosseau* v. *Jacobs' Pharmacy,* 147 *Ga.* 185 (93 S. E. 293) ; *Bullard* v.
*Brewer,* 118 *Ga.* 918 (45 S. E. 711) ; *Wilson* v. *Hinnant,* 117 *Ga.* 46 (43
S. E. 408); *Bass Dry Goods Co.* v. *Granite Mfg. Co.,* 113 *Ga.* 1142 (39
S. E. 471); *McMillan* v. *Cochran,* 24 *Ga. App.* 579 (101 S. E. 717);
*Wellmaker* v. *Wheatley,* 123 *Ga.* 201 (51 S. E. 436).

2. That one of the parties to the written contract executed it by appending
his signature thereto when in a hurry to attend to other business and
without reading the instrument which he signed, and that he executed
the instrument relying upon an alleged false representation, made to
him by the other contracting party, that it contained the true agree-
ment, is insufficient to establish the contention that he was fraudulently
induced to sign the contract. See, in this connection, *Tinsley* v. *Gullett
Gin Co.,* 21 *Ga. App.* 512 (94 S. E. 492), and citations.

3. Where certain personal property, including certain live stock, was sold
and delivered by the plaintiff to the defendant for part cash and the
balance in deferred payments, and the parties afterwards agreed upon
a rescission of the contract, which rescission was made in a written
instrument which provided that the plaintiff released the defendant from
all liability for the unpaid purchase-money, in consideration of the
defendant's allowing the plaintiff to retain the cash payment which he
had received from the defendant, and the surrender to the plaintiff by
the defendant of all the personal property which the defendant had
purchased from the plaintiff, with the exception of the live stock in-
cluded in the former sale, which live stock the defendant had sold and
parted with the possession of, but in lieu thereof agreed in the contract
of rescission to substitute certain other live stock which the defendant
had in his possession, such written contract of rescission will be taken
as a complete contract and as containing all the agreements by which
the contracting parties intended to be bound as respecting the consid-
eration to be received by the defendant for his transfer to the plaintiff
of the substituted live stock mentioned in the contract. It follows that
certain prior promises alleged by the defendant to have been made to
him by the plaintiff, by the terms of which the plaintiff agreed to pay,
for the benefit of the defendant, a certain consideration for the surrender
by the defendant to the plaintiff of the substituted live stock mentioned
in the contract of rescission, which consideration was the payment by
the plaintiff and the cancellation and delivery by him to the defendant
of certain outstanding purchase-money notes which the defendant had
given to third persons in payment for the substituted live stock which
the defendant had bought from such third persons, and which live stock
the defendant had, before completing payment therefor, delivered to
the plaintiff in pursuance of the terms of the written contract of
rescission, and in substitution for the stock which the defendant had
previously bought from the plaintiff, and had subsequently sold, were
irrelevant and not admissible for the purpose of adding to or varying
the written terms of the contract of rescission.

4. In a suit on the purchase-money notes which the defendant had executed to such third persons in payment for such substituted live stock, and which notes the plaintiff had acquired as transferee from the payees thereof, but which the plaintiff had not cancelled and delivered to the defendant in accordance with the plaintiff's alleged promise to the defendant, made extraneously to the written contract of rescission, and which in view of the rulings here made can not be considered as a part of the legally established contract between the parties, the trial judge erred, after proof of the written contract of rescission had been made, in admitting in evidence, as a part of such contract, such prior extraneous promises and statements alleged to have been made by the plaintiff. It therefore follows that the overruling of the plaintiff's motion for a new trial was error.

Judgment reversed. <i>Jenkins, P. J., and Hill, J., concur.</i>

DECIDED FEBRUARY 10, 1922.

Complaint; from city court of Sandersville — Judge Goodwin. May 30, 1921.

*Jordan & Harris,* for plaintiff.

*Evans & Evans,* for defendant.