## 18625. NOLAN v. CALHOUN.

PER CURIAM. This case is controlled by that of *Cody* v. *Automobile Financing Inc.*, 37 *Ga. App.* 452 (140 S. E. 634) ; and under the rulings there made, the court in the instant case erred in admitting the evidence which directly contradicted the express provisions of the written contract. See also *Hadden* v. *Williams*, 37 *Ga. App.* 464 (140 S. E. 797).
*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur. · Luke, J., dissents.*

DECIDED JUNE 12, 1928.

*Adams, Adams & Douglas,* for plaintiff in error.
*McIntire, Walsh & Bernstein,* contra.

LUKE, J., dissenting. I do not question the soundness of the *Cody* case, upon which a majority of the court bases a reversal, but, in my opinion, the pleading and the facts of that case differentiate it from the case at bar. The defense urged there at last rests upon the subsequent promises of the seller to ·adjust any difference as to the value, etc., of the car delivered. In the case at bar the defense was fraud in the procurement of the contract. My view of the case, and of the law applicable thereto, is hereinafter more fully expressed.

M. B. Calhoun negotiated with Claude Nolan, a dealer in Cadillac automobiles, for the purchase of a new car of that make. Nolan understood that Calhoun wanted a new automobile, and says he sold him one. Calhoun, on the other hand, says that he actually received a used car, which had been repainted for the purpose of concealing the fact that it was an old one. The consideration for it was $500 cash, a second-hand automobile at a valuation of $1075, and Calhoun's note for $2500. Calhoun tendered the automobile back to Nolan, and sought to recover said $500 cash payment, and $1075, the value of the car traded in by him. He also asked that his note be delivered up; but since the defendant offered in his answer to do this, the note was not an issue in the case. The jury rendered a verdict for the full amount sought to be recovered, and Nolan excepted.

By its verdict the jury confirmed Calhoun's contention that the automobile was an old one repainted to appear new, and there was evidence to sustain that finding. The controlling question in the

case is whether, by reason of the terms of the contract under which the automobile was sold, Calhoun was precluded from showing the alleged fraud upon which this action was based. After stipulating for the sale of "One 63-F-Cadillac Coupé, Motor F-1959," the contract provides as follows: "It is agreed that this instrument contains the entire contract of the parties with reference to the property herein described, and that vendor makes no representations, statements, or warranties whatsoever, expressed or implied, either in fact or in law, as to any quality or attribute whatsoever of any of said property, except that said vendor warrants that he has title to said property and that the same is free from encumbrance."

"Fraud voids all contracts." Civil Code (1910), § 4254. "Fraud may exist from misrepresentation by either party, made with design to deceive, or which does actually deceive the other party; and in the latter case such misrepresentation voids the sale, though the party making it was not aware that his statement was false. Such misrepresentation may be perpetrated by acts as well as words, and by artifices designed to mislead. A misrepresentation not acted on is not ground for annulling a contract." Civil Code (1910), § 4113. "Concealment of material facts may in itself amount to fraud. . . 3. Where one party knows that the other is laboring under a delusion with respect to the property sold or the condition of the other party, and yet keeps silent." "When a vendee of personal property makes a material representation which is false, and upon which the vendor is induced to act to his injury by parting with possession of his goods, such a misrepresentation amounts to a fraud in law, which voids the sale, and equity may rescind the contract and restore the parties to their original rights, although the party making such misrepresentation was not aware that his statement was false." *Newman* v. *Claflin Co.*, 107 *Ga.* 89 (32 S. E. 943). See also *Bailey* v. *Jones*, 14 *Ga.* 384 (4).

Aside from the written contract involved in the case at bar, it very closely resembles the case of *Snellgrove* v. *Dinglehoef*, 25 *Ga. App.* 334 (103 S. E. 418). In that case the plaintiff sought to rescind a contract for fraud because he negotiated for a new automobile, and the automobile delivered to him was a second-hand one worked over to resemble a new one. The first headnote of the case reads: "An executed sale may be rescinded on account of actual fraud; and, since fraud voids all contracts, no title to the

property passes under such sale. Also, under a contract of sale where the property actually delivered is materially different from that contracted for, its acceptance by the buyer in ignorance of such material difference constitutes no sale, and no title passes. In either case the buyer may, upon the discovery of the fraud, rescind the contract of sale, and, upon making or offering restitution, recover from the seller the purchase-money which has been paid to the seller."

The case last cited, and the prior citations, are authority for the conclusion that the facts relied on by Calhoun to show fraud sufficient to void the contract would ordinarily be ample for that purpose. But how stands the case in the light of the sales contract? The plaintiff in error says that under the Civil Code (1910), § 4268, "parol evidence is inadmissible to add to, take from, or vary a written contract," and that all the testimony tending to show that the automobile was an old one, disguised to look like new, was inconsistent with and varied the terms of the sale contract. "There is a wide difference between varying the terms of the written contract by parol or other extrinsic evidence, and showing by parol or other extrinsic evidence that a contract never existed, because of fraudulent representations, arts, or devices by which it is induced. The parol evidence in the latter case does not alter, vary or contradict the contract, but absolutely destroys it. *Williams* v. *Moore-Gaunt Co.*, 3 *Ga. App.* 756 (60 S. E. 372). The fraud may consist in a misrepresentation of the thing which is the subject-matter of the contract; especially is this true where there is nothing in the terms of the contract which actually contradicts the facts about which the misrepresentation is alleged to have been made. *Janes* v. *Mercer University*, 17 *Ga.* 515; *Epps* v. *Waring*, 93 *Ga.* 765 (20 S. E. 645); *Barrie* v. *Miller*, 104 *Ga.* 312 (30 S. E. 840, 69 Am. St. R. 171)." *State Historical Asso.* v. *Silverman*, 6 *Ga. App.* 560 (65 S. E. 293). "Where a contract is procured by fraud, parol evidence is admissible to prove the fraud, and if the fraud be proved, the jury would be authorized to set aside the contract. The purpose of such evidence is not to add to, take from, or vary the terms of a valid written agreement, but to show that the contract was originally void because of the fraud perpetrated upon the complaining party." *Hixon* v. *Hinkle*, 156 *Ga.* 341 (3) (118 S. E. 874). In *Mizell Live Stock Co.* v. *Banks*, 10 *Ga. App.* 362 (2) (73 S. E.

410), it was held: "The rule that parol testimony shall not be received to change or add to the terms of a written contract does not apply where the alleged contract was procured by fraud. In such case the contract is not binding upon the party defrauded, and may be rescinded at his instance." See also *Edenfield* v. *Coleman*, 10 *Ga. App.* 355 (73 S. E. 424). Both of the cases last cited involve fraud in the sale of live stock. See also *Barrie* v. *Miller*, 104 *Ga.* 312 (supra), which dealt with an alleged fraudulent sale of books. In the case of *Beasley* v. *Huyett & Smith Mfg. Co.*, 92 *Ga.* 273 (18 S. E. 420), where a plea of fraud in concealing defects in machinery was set up, Chief Justice Bleckley said: "Those who commit actual fraud can not protect themselves against answering therefor by any form of warranty or any limitations which they may introduce in the terms of the warranty. Fraud in the principal contract, the contract of sale, is not to be answered by setting up a collateral contract which was as much the offspring of the fraud as was the principal contract itself." In the case of *Floyd* v. *Woods*, 110 *Ga.* 850 (36 S. E. 225), the defendant pleaded that a note and mortgage were given for a buggy "which plaintiff falsely represented to be new, whereas it was an old buggy fixed over and almost worthless." The justice of the peace who tried the case struck the plea, and the judge of the superior court held that he erred in so doing. The Supreme Court reversed the judgment of the superior court, and held that the plea was precluded by the sale contract, which contained the following stipulation: "It is expressly understood and agreed that the property for which this note is given is sold without any warranty, expressed or implied, on the part of the seller, and the purchaser buys said property entirely upon his own judgment, waiving all defects, either patent or latent. The purchaser waives the implied warranty upon the part of the seller . . . , and agrees not to plead failure of consideration or any other plea to an action that may be founded upon this note." This is a strong case, but its facts differentiate it from the case at bar, and I do not think that the ruling made should be extended to cover the case sub judice.

In short, I think that, since Calhoun was negotiating for a new automobile, and Nolan was selling one, it would be going a long way to hold that Nolan could deliver a used automobile repainted and made to look like new, and then defend by anything contained in

the sale contract. There is nothing in the contract that could be construed as meaning that something different and less valuable could be substituted for the thing the seller was selling and the purchaser buying. The warranty clause in the contract was applicable to the subject-matter of the sale, to wit a new automobile, not an old one. The writing does not state whether a new or a used automobile was sold. The contract was not varied or contradicted by parol evidence. It was originally void because of fraud perpetrated upon the complaining party.

Some of the assignments of error are elaborations of the general grounds of the motion for a new trial. The others, having reference to the introduction of evidence and to the charge of the court. invoke the parol-evidence rule, and, in my opinion, are controlled adversely to the contentions of plaintiff in error for the reason stated above. I see no reversible error in the record, and am of the opinion that the court properly overruled the motion for a new trial.