29067. SOUTHERN AUTO COMPANY v. FLETCHER.

DECIDED SEPTEMBER 22, 1941. REHEARING DENIED NOVEMBER 19, 1941.

170

*John T. Ferguson,* for plaintiff in error.

*Robert R. Forrester,* contra.

FELTON, J. (After stating the foregoing facts.) In 12 Am. Jur. 630, § 137, it is stated: "The rule that one who signs a contract is presumed to know its contents has been applied even to contracts of illiterate persons on the ground that if such persons are unable to read, they are negligent if they fail to have the contract read to them. If a person can not read the instrument, it is as much his duty to procure some reliable person to read and explain it to him, before he signs it, as it would be to read it before he signed it if he were able to do so, and his failure to obtain a reading and explanation of it is such gross negligence as will estop him from avoiding it on the ground that he was ignorant of its contents." The following cases are cited in support of the statement: United States *v.* Fletcher, 279 Fed. 160; Bates *v.* Harte, 124 Ala. 427 (26 So. 898, 82 Am. St. R. 186); Sharpless-Hendler Ice Cream Co. *v.* Davis, 17 Del. Ch. 321 (155 Atl. 247); Shulman *v.* Moser, 284 Ill. 134 (119 N. E. 936); Velcich *v.* Malesh, 284 Ill. App. 63 (1 N. E. 2d, 278); Williams *v.* Hamilton, 104 Iowa, 423 (73 N. W. 1029, 65 Am. St. R. 475); Price *v.* Shay, 110 Kan. 351 (203 Pac. 1105); Kentucky Road Oiling Co. *v.* Sharp, 257 Ky. 378 (78 S. W. 2d, 38); Spitze *v.* B. &. O. R. Co., 75 Md. 162 (23 Atl. 307, 32 Am. St. R. 278); Sponseller *v.* Kimball, 246 Mich.

255 (224 N. W. 359); North v. Williams, 120 Pa. 109 (13 Atl. 723, 6 Am. St. R. 695). See 138 Am. St. R. 813; Ann. Cas. 1913A, 433; 17 C. J. S. 494, § 139, to the same effect. It is not necessary in this case to apply the above rule to the fullest extent, for the reason that there was no evidence whatever that the agent of the seller knew that the buyer could not read and understand what she read. Under the circumstances of this case the seller can not be said to have been guilty of fraud when it had no reason to suspect the buyer's illiteracy, and did not misrepresent the nature or the contents of the instrument with that definite knowledge. Neither was there any emergency of any kind shown which would affect the case. It is insisted by the defendant in error that *Grimsley* v. *Singletary,* 133 *Ga.* 56 (65 S. E. 92, 134 Am. St. R. 196), is controlling. The contention is not well founded because in that case there was a misrepresentation of the nature and contents of the instrument signed. There is no such fact in this case. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*