30793. SOUTHEASTERN GREYHOUND LINES INC.
*v.* FISHER.

718

Decided June 28, 1945.    Rehearing denied July 25, 1945.

*Gambrell & White, J. S. Wilson, Wright & Fullbright,* for plaintiff in error.

*Matthews, Owens & Maddox, Wyatt & Morgan,* contra.

Parker, J.    Mrs. Fredonia H. Fisher, hereinafter called the plaintiff, brought suit in Floyd superior court against Southeastern Greyhound Lines Inc., hereinafter called the defendant, and the Indemnity Insurance Company of North America.    A demurrer to the petition was filed; the insurance company was stricken as a party defendant; and other amendments were made to the petition to meet certain grounds of special demurrer.    The court thereupon overruled the demurrers, and the defendant excepted pendente lite.    The case proceeded to trial, and resulted in a verdict and judgment for the plaintiff.    The defendant moved for a new trial and later amended its motion, and after a hearing the motion was overruled on each and every ground, whereupon the defendant excepted, also assigning error on the exceptions pendente lite.

The plaintiff alleged in substance that she was injured while riding as a fare-paying passenger on one of the defendant's buses

at Gore, near Rome, Georgia; that the bus was being operated at a speed of from 60 to 70 miles per hour; that the driver of the bus, while it was traveling at the high rate of speed, pulled the bus to the left of the center line of the highway, and that the bus left the road and ran into an adjacent field; that she was thrown violently against the seat, and other passengers were thrown against her, resulting in physical injuries to her; that her injuries were due to various acts of negligence charged to the driver of the bus; that.she had to be cared for in hospitals, where she incurred expenses, and had to expend certain sums for medical services and drugs, and for room and board during her convalescence, all as a result of her injuries sustained as alleged; that while she was in a hospital in Atlanta, suffering pain and in a state of mental incompetency because of her injuries, a claim agent of the defendant called upon her and procured her to sign a paper (which turned out to be a release of all claims) by falsely representing to her that unless she signed the paper she would be put out of the hospital; that the claim agent presented her with a check for $300, but that it was never cashed and was returned to the defendant before suit was filed. Other material facts will appear. later in this opinion.

■ The grounds of demurrer that were not met by the plaintiff's amendment were: "2. Defendants demur to the allegations of paragraph 22 of the petition for the reason that it is merely alleged therein that said representations were false and fraudulent, and the same are mere conclusions of the pleader without any allegations of fact supporting the same, nor does the plaintiff state what the statements were upon which she relied;" and "6. Defendants demur to paragraph 20 of the petition, for the reason that it sets forth mere conclusions of the pleader and no facts are set forth as to the extent of her mental incompetency or in what manner she was mentally incompetent to attend to her business." It will be noted that attack was made upon paragraphs 20 and 22 of the petition, with no mention made of paragraph 21. The latter named paragraph alleges facts in support of the allegations of the other two mentioned paragraphs, and the defendant having failed to attack the sufficiency of the allegations in paragraph 21, there was no error in overruling grounds 2 and 6 of the demurrer. A pleader is not required to put all of his allegations in the same paragraph;

in fact, our rules of pleading prescribe just the opposite. The defendant has not argued here the matters actually raised by its grounds of demurrer; but has argued that the petition is inconsistent in that it seeks to allege both that the plaintiff was induced by fraud to execute a release of all claims and that she did not have the mental capacity to understand what she was doing at the time she signed the release. This court can not consider such an argument, for no such issue was raised by the demurrers.

■ Special grounds 1 and 2 of the motion for new trial complain that the evidence failed to sustain the plaintiff's claim that fraud was perpetrated upon her by the claim agent in procuring from her the release and paying her with the $300 check, in that the evidence showed that she acted with knowledge that she was signing a release for the purpose of obtaining money from the defendant as compensation for her alleged injuries; that she fully understood that the paper was a release based upon a valuable consideration; and that she was not of insufficient mental capacity to understand the nature and consequences thereof. The evidence in this regard was in serious conflict in that the testimony of the plaintiff's witnesses supports her contentions and the testimony on behalf of the defendant is to the contrary. The plaintiff's evidence is sufficient to sustain the finding that she was not of a mental capacity equal to a clear and full understanding of her act in signing the release and accepting the check. From the testimony of the plaintiff and her other witnesses it clearly appears that when the claim agent called upon her in the hospital in Atlanta, she was suffering physical pain, was under the influence of drugs that had been administered to her for relief of her pain, and that she was fearful of being removed from the hospital. The allegations of the petition and the supporting evidence in this case are very similar to those in *Atlanta & West Point R. Co.* v. *McCord,* supra. The *McCord* case is controlling in the case at bar. Therein this court upheld the finding that a fraud was perpetrated upon the injured plaintiff and that he was excused from reading or having read to him the contents of the paper.

■ The plaintiff's petition originally alleged that the claim agent represented to her that if she did not sign the paper, she could not be "released from the hospital." By amendment the allegation was changed to read that unless she signed the paper, she

"would be put out of the hospital." The evidence was sufficient to show that the original allegation, and the testimony taken from the plaintiff prior to the trial indicating the original as the representation made, came about because of a misunderstanding between the plaintiff and her counsel, and a misunderstanding of the questions asked of the plaintiff when her depositions were taken. The defendant introduced in evidence the original allegation to attack the plaintiff's claim that she was fearful of being put out of the hospital when she was induced to sign the release. The court charged the jury that the pleadings in a case are not evidence, except in so far as certain portions may be admitted by the opposite party, and special ground 3 of the motion for new trial complains of the charge as error in that it led the jury to believe that the stricken pleading introduced by the defendant was not to be considered as evidence in the case. We see no merit in this contention. The writing when introduced was not a part of the "pleadings" in the case, for the subject-matter had been stricken, and it was introduced as a stricken pleading. The court's charge had reference to the then existing pleadings. The stricken pleading was of the same character as any written matter put in evidence, and under the charge the jury were free to consider it as evidence. It can not reasonably be said that the jury were misled into believing they would have to disregard the original allegation.

Special grounds 4 and 6 of the motion complain of the court's charging the jury with reference to the alleged fraud practiced upon the plaintiff by the claim agent, in obtaining her signature to the release, upon the grounds that the evidence did not warrant the charge, and that portions of the charge were error, in that the court by defining "constructive" fraud led the jury to believe that the release could be set aside because of constructive fraud having been practiced, whereas the fraud would have to be actual in order to warrant setting aside the paper. The first of these contentions is answered by what has been said in division 2 of this opinion, and by the ruling in *Atlanta & West Point R. Co.* v. *McCord,* supra. As to the second contention with regard to the charge including a definition of constructive fraud, no error was committed. Misrepresentation of a material fact, if made by mistake, and innocently, and acted on by the opposite party to his

injury, constitutes constructive fraud under the Code, § 37-703. Actual fraud and constructive fraud are both legal fraud. Constructive fraud, as well as actual fraud, voids the contract at the election of the injured party, and may authorize a rescission of a written release from liability. We do not think that the judge, in the instant case, erred in charging on constructive fraud. The jury were authorized to draw the inference from the evidence of the plaintiff that the defendant told her that, unless she signed the paper, "she would be put out of the hospital;" and under the further evidence that the plaintiff had not sufficient strength of mind and reason equal to a clear and distinct understanding of her act, the jury were authorized to find that this was a misrepresentation of a material fact and made by mistake, or innocently, and acted on by the opposite party to her injury, and was such a constructive fraud as would authorize a rescission of the release. See *Hendley* v. *Chambliss,* 30 *Ga. App.* 736 (119. S. E. 351), and cit.; *Nolan* v. *Calhoun,* 38 *Ga. App.* 227 (143 S. E. 606) ; *Penn Mutual Life Ins. Co.* v. *Taggart,* 38 *Ga. App.* 509 (144 S. E. 400) ; *Newman* v. *Claflin Co.,* 107 *Ga.* 89 (32 S. E. 943). *Hendley* v. *Chambliss,* supra, cited by the defendant, is differentiated from the instant case in that it was a trover suit, based upon an independent right of action for damages in tort, in favor of the party who had been injured by the alleged fraud, and in such a case the contract must be disaffirmed. To establish the tort, which was the fraud, actual fraud must be shown and constructive fraud will not suffice. *Penn Mutual Life Ins. Co.* v. *Taggart,* supra.

■ The fifth ground of the amendment to the motion complains of the court's charging the jury with respect to the plaintiff's allegations of the defendant's negligence in operating the motor vehicle upon a public highway at a speed greater than reasonable and safe, not having due regard for the width, grade, character, traffic, and common use of such highway, so as to endanger human life and limb or property; and in failing to have the loaded bus under control with safe and effective brakes with which to stop said vehicle and prevent injury to others. The defendant contends that neither charge was justified by the evidence, and in its argument on this ground and on the general grounds it dwells upon the testimony of the driver of the bus (which is not altogether favorable to the defendant), and mentions the plaintiff's evidence only

to point out that she was virtually asleep at the time. The plaintiff's evidence is to the effect that the bus was being operated at the time of the accident at from 60 to 70 miles per hour; that it was very dark; that all the way from Chattanooga the riding had been rough on account of the rapid rate of speed and the condition of the road, and the passengers had been fearful of an accident. The fact that the bus was not kept under control, but left the highway and ran into an adjoining field, as shown by the evidence, would certainly seem to warrant the charge on an issue as to whether the loaded bus was properly under control and equipped with effective brakes with which to stop the vehicle if necessary so as to prevent injury to others. The testimony of the driver supports the plaintiff's charge as to the driver's inability to control and properly stop the bus in the road. There being evidence in support of the allegations of negligence, the court properly charged the jury on the subject-matter complained of in the fifth special ground.

The seventh and fifteenth special grounds of the motion complain of the court's charge with respect to the various items of damages claimed by the plaintiff, in that the court did not give the jury any basis upon which to find what amounts should be allowed by them for the respective items; that only the reasonable value of the services, medicines, and room and board could be recovered; that no elements or items of damages not shown to have been paid for or actually incurred by the plaintiff could be recovered; that the evidence showed no liability for the room and board alleged to be due by the plaintiff to her daughter during convalescence; and that the charge was an expression of an opinion by the court that the plaintiff was entitled to recover the costs of all the items on the drug bill and for room and board received from her daughter. The court charged the jury that "you can arrive at the amount you believe right and proper, that being a question for your determining." If the defendant had wanted a more complete and explicit charge on the subject, it should have requested it; no such request appears in the record or in any assignment of error. As to the drug bill, in their argument, counsel for the defendant take exception to a few purchases of paper handkerchiefs and stamps appearing on the bill and submit that such were not proper items. We cannot say that such items were not a legitimate expense as a result of the injuries the plaintiff sustained; and the

sum of these items is relatively infinitesimal. The defendant objects to the claim of the plaintiff's daughter for room and board furnished her mother on the theory that daughters do not usually charge their mothers with such expenses, and that there was no indication that at any other time the mother was charged for room and board on visits to her daughter. In the instance under consideration, the plaintiff was injured away from home, and apparently the home of her daughter was the nearest place to which she could go for inexpensive and proper attention following her stays in the hospitals. The plaintiff was removed from the hospital in Atlanta to a hospital in LaGrange, Georgia, where the daughter lived. The time came when the plaintiff was able to leave the hospital but still she was not in condition to be returned home. She needed a place nearby to convalesce, and the daughter's home afforded the answer. We do not doubt but that the daughter would gladly have furnished her mother with room and board without compensation had there not been some one potentially liable for the expenses that resulted from the injury, but we can not say that merely because of the mother and daughter relation the latter would not be entitled to be paid for the reasonable value of the room and board occasioned by the defendant's conduct. We therefore find no error in the portion of the charge complained of in these grounds.

■ Special grounds 8, 9, and 10 complain of the refusal of the court to charge certain written requests submitted by the defendant. These requests related to the duty resting upon one to read or have read the contents of a paper before signing it; such fraud as would excuse such readings; and inadequacy of the consideration for the release as being no issue in the case where no claim was made as to the inadequacy. There was no error in refusing the requests. The subject-matter of the first two were fully, clearly, and properly covered by the court in its charge. By the defendant's own contention expressed in the written request, the last request dealt with a subject not in issue, and the court was under no duty to give such a matter in charge.

■ The 11th special ground challenges the efficacy of the verdict, which contains figures in one amount and words in another. The verdict reads: "We, the jury, find for the plaintiff $5012.10 five thousand twelve dollars and ten cents." The figures represent a sum five hundred dollars greater than the words indicate. We

think that the words govern and we rule that the verdict is in the amount of five thousand, twelve dollars, and ten cents ($5012.10). The order of the trial judge overruling the motion for new trial does not indicate which amount was accepted and no judgment appears in the record, but the general rule that words prevail over figures would seem to be applicable in this case.

■ Special ground 12 complains of the court's charge that the burden was on the plaintiff to prove that at the time she executed the instrument she was non compos mentis, or that she did not have the strength of mind and reason equal to a clear and full understanding of her act in the making of the contract. The defendant claims that the charge was couched in the disjunctive and led the jury to believe that the plaintiff could prove either of two different justifications for signing the paper. The excerpt complained of is clearly not a disjunctive statement of two conditions of the mind, but it merely contains an English definition of the phrase non compos mentis. The court spoke of the jury's finding the truth as to "that" and the plaintiff's showing "this" was her condition when she signed the release. No one could have reasonably understood the court as speaking in the alternative.

Special grounds 13 and 14 assert that the court gave in charge language that led the jury to believe that they could justify the plaintiff's signing the release by finding that she did not have *a clear and full understanding of what she was doing at the time,* while the law requires that the maker seeking to avoid an instrument must have been without *the strength of mind and reason equal to* a clear and full understanding of the act. Here the defendant is complaining only of excerpts, which if taken in connection with the language appearing in the charge as a whole, before and after the excerpts, are not in any respect confusing. The excerpt complained of in ground 12 as having been in the alternative contains the correct English definition of non compos mentis, which is the very language the defendant claims was missing from the excerpts that are the subject of complaint in grounds 13 and 14. Also, the court cautioned the jury to determine whether there was a lack of a clear and full understanding "because of her condition existing at the time," which condition had reference only to her alleged mental condition as the result of the injuries sustained.

■ On the general grounds of the motion for new trial the defendant argues that the verdict was not justified for the same reasons that it argued that the demurrers should have been sustained, viz., that the petition is inconsistent in that justification for the plaintiff's signing the release was founded upon an alleged fraud practiced upon her and upon an allegation that she did not have the required mental condition to execute a valid and binding contract. We have already stated in division 1 of this opinion that no such issue was raised by the demurrer, and consequently was not before this court. Even if the petition is inconsistent, the evidence supports the verdict, and no error of law has been shown by any of the assignments of error properly before this court, and the verdict can not be disturbed. The court did not err in overruling the motion for new trial upon any of the grounds complained of by the defendant.

Pursuant to the act of the General Assembly, approved March 8, 1945, requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. All the Judges concur, except*

FELTON, J., dissenting. I think that special grounds 1, 2, 6, and 8 of the motion for new trial are meritorious, should have been sustained, and a new trial granted.

Special grounds 1 and 2. In my opinion the evidence did not authorize a finding that a fraud was perpetrated in procuring the plaintiff to sign the release so far as misrepresenting the contents or in so far as preventing her from reading or understanding its contents are concerned. As to the first question see *Southern Auto Co.* v. *Fletcher,* 66 *Ga. App.* 168 (17 S. E. 2d, 294), and cit. As to the second, see *Bryan* v. *Bryan,* 139 *Ga.* 51 (76 S. E. 563).

Special ground 6. I think that it was error to authorize the jury to find that the defendant was guilty of such constructive fraud as to authorize the setting aside of the release. There was no constructive fraud in this case. So far as I can find there is only one instance in which constructive fraud will operate to rescind a contract and that is under the Code, § 37-703, where a party makes an innocent misrepresentation which is false and deceives the opposite party. *Newman* v. *Claflin Co.* (supra). Where the agent denies making the apparent threat there could hardly be a finding that he made it in good faith.

Special ground 8. I think the court erred in failing to give the following request: "I charge you that even if a person can not read the instrument it is as much his duty to procure some reliable person to read and explain it to him, before he signs it, as it would be to read it before he signed it, if he were able to do so, and his failure to obtain a reading and explanation of it is such gross negligence as will estop him from avoiding it on the ground that he was ignorant of its contents." I do not think that the ruling in *A. & W. P. R. Co.* v. *McCord* (supra), is applicable to the facts of this case. In that case the person signing the release was so sick that he could not write unaided and the defendant's agent held the pencil while the injured person signed the release. The court held that under the facts of that case, the inference was authorized that the execution of the paper was caused by the fraud of the agent inducing the party signing the paper to do so in the belief that he was not signing a paper which would relieve the railroad from liability, or in other words, to find that the railroad misrepresented the contents of the instrument. The court further held that there was an emergency which excused the injured party from reading the instrument he signed. It seems to me that under the evidence in this case the defendant could have been guilty of but one kind of fraud by which the release might have been invalidated, and that was duress. This principle was not charged and is not mentioned by counsel for either side, but regardless of that, the points made by the defendant show reversible error. If the plaintiff was induced to sign the release by any kind of fraud it was not because she was deceived as to the contents of the release, or was prevented from reading it, but because she was scared into signing it, on account of her weakness, by being deceived as to the effect of not signing it. I do not think the alleged representation in this case was one of fact so as to bring the case within the rule that a legal fraud will sustain a rescission of a contract. The conduct of the agent was duress or no fraud at all. In my judgment one can not act in good faith and be guilty of duress. I think the element of intent is essential, and such an element constitutes actual and not legal fraud.