### 61181. BIMBO BUILDERS, INC. et al. v. STUBBS PROPERTIES, INC.

POPE, Judge.
Appellee brought this action against appellants Bimbo Builders, Inc. (hereinafter "Bimbo") and its president Carl E. Anderson to recover $125,457 plus interest and attorney fees on a note given as partial consideration on certain Cherokee County real estate sold to appellants and to obtain a special lien on that property. Following discovery and a hearing, summary judgment was entered in favor of appellee. Appellants bring this appeal contending that the trial court erred in not finding that their defenses of fraud and lack of consideration presented genuine issues of material fact; they also contend that the trial court improperly failed to review a deposition in the file prior to entering its order granting summary judgment. We find these enumerations to be without merit and affirm.

1. Appellee took the deposition of appellant Anderson individually and in his capacity as president of Bimbo. Anderson acknowledged that the note and an accompanying security deed were properly executed and signed by himself as surety and in his capacity as president of Bimbo. However, Anderson asserted that appellee had grossly misrepresented the condition of the land thereby fraudulently inducing Bimbo to purchase the property. The basis of this assertion was appellee's submission of a plat to Anderson which purported to accurately represent the topography of the property. Appellants contend that this plat did not accurately portray the property since it failed to set forth several streams and the resulting swampy condition of a portion of the property.

Anderson had been a real estate developer for fourteen years and was developing a contiguous subdivision at the time he purchased the subject property from appellee. At his deposition Anderson testified that, notwithstanding its swampy condition, he would have purchased the property but at a much lower price. He offers appellee's failure to foreclose on the property under the security deed as evidence that the property was worth considerably less than what Bimbo had agreed to pay.

Although appellee denied him permission to begin putting in streets prior to closing, Anderson had the property surveyed by his own surveyor; this survey was used for the closing. When asked whether he had walked the property prior to closing, Anderson responded, "No, I didn't walk it. I walked part of it." The questioning continued: "Q. Is that your practice in your fourteen years of real estate development to buy a piece of property without walking it? A. Whenever you get a plat that don't show any branches you don't have any reason to walk it. Now, if it shows swamp you're going to go see where the swamp's at. Q. But you had between April the 3rd of 1979 when you signed the contract and May the 18th of 1979 at closing, you had every opportunity to walk it if you wanted to, didn't you? A. If I had wanted to walk it or if I had had time to walk it I would have."

"In order to show fraud and misrepresentation in the procurement of the contract as a defense to an action on the contract, it is not sufficient to show that false representations were made, which were known to be false and which were made with the intention to deceive. *It must also be shown that the defendant exercised due care to discover the fraud* and that he relied upon the false representations to his injury." (Emphasis supplied.) *Dr. Pepper Finance Corp. v. Cooper,* 215 Ga. 598, 601 (112 SE2d 585) (1960). "In *Dortic v. Dugas,* 55 Ga. 484 (6) [(1875)], it was said: 'With equal opportunities for knowing the truth, a party grossly failing to inform

himself must take the consequence of his neglect.' This means that in order to be heard in equity one must show that he made reasonable use of the means available to him to ascertain the truth. It means also that one may not voluntarily accept the statements and representations of another and act thereon, instead of looking for himself, and then obtain relief in equity from the obligation which he assumes." *Hancock v. Gunter,* 195 Ga. 646, 651 (24 SE2d 772) (1943); see *Rawlings v. Fields,* 28 Ga. App. 195 (2) (110 SE 499) (1921). "Such things as the soil, timber or springs on land are open to inspection, and the purchaser is wilfully negligent if he fails to look and see for himself, and neither law nor equity will relieve him from his own want of diligence." *Stone v. Moore,* 75 Ga. 565 (1885); *Sloan v. Farmers and Merchants Bank,* 20 Ga. App. 123 (92 SE 893) (1917). Applying these legal principles to the facts in this case, we conclude that appellants' defenses of fraud and lack of consideration have been conclusively pierced. Accordingly, the trial court did not err in entering summary judgment in favor of appellee. See *Cruce v. Randall,* 152 Ga. App. 183 (3) (262 SE2d 488) (1979); *Foster v. Economy Developers,* 146 Ga. App. 282 (5) (246 SE2d 366) (1978). See also *Ray v. Isakson,* 191 Ga. 610 (13 SE2d 360) (1941); *Lewis v. Foy,* 189 Ga. 596 (6 SE2d 788) (1940); *Dyar v. Walton, Whann & Co.,* 79 Ga. 466 (3) (7 SE 220) (1887). "Nor does the failure to foreclose on the . . . security deed raise an issuable defense since the option to sue on the note was one of several remedies available to [appellee]." *Hart v. Trust Co. of Columbus,* 154 Ga. App. 329, 330 (268 SE2d 384) (1980).

2. "The [remaining] enumeration is adversely governed as to the appellant[s] by the recent decision of the Supreme Court in *General Motors Corp. v. Walker,* 244 Ga. 191, 193 (259 SE2d 449) [(1979)]. That case holds that because the order of the trial court indicated the record was reviewed, this was a sufficient showing of review of the documents even though the depositions were still sealed. In this case the order of the court does not affirmatively indicate that it considered the record. We do not believe the omission of such language is of any significance. In summary judgments, the parties need not formally offer their outside matter as evidence or have it marked as an exhibit at the hearing on the motion. Given this process, the court is obligated to take account of the entire setting of the case on a Rule 56 motion. In addition to the pleadings, it will consider all papers of record, as well as any material prepared for the motion that meets the standards prescribed in Rule 56 (e) as submitted by both parties. *Jackson v. Couch Funeral Home,* 131 Ga. App. 695, 696 (206 SE2d 718) [(1974)]. We will presume that the trial court as a public official faithfully and lawfully performed the duties devolving upon him by law. [Cits.] This includes depositions on file

whether opened or not. *General Motors v. Walker,* supra, p. 193. This enumeration is without merit." *Smith v. Jones,* 154 Ga. App. 629, 631 (1) (269 SE2d 471) (1980).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 10, 1981.

*Garvis L. Sams, Jr.,* for appellants.
*William L. Stubbs, Jr., George J. Polatty, Jr.,* for appellee.