68265. TAGGART v. CLAXTON.

Deen, Presiding Judge.

In September 1980, Claxton was the high bidder at a public sale of land owned by the Small Business Administration (SBA). After the sale, the SBA refused to convey the land and returned the $36,250 he paid for the property. Claxton consulted Williamson, an attorney, who associated Taggart to assist in handling the case. Suit was filed on Claxton's behalf against the SBA and the realty company that handled the auction, seeking specific performance and monetary damages. The present action resulted from Claxton's refusal to pay Taggart $7,650.17 in attorney fees allegedly due for the latter's work in the action against the SBA. Taggart contends that this fee was based on an hourly rate; that Claxton deposited a $2,500 retainer with Wil-

liamson; and that he had been paid only $1,175 from the retainer fee. Claxton contends that he originally made an oral agreement with Williamson that the attorneys would be paid by a one-third contingency fee basis, and that he was required to pay Williamson a $2,500 refundable good faith deposit as assurance he would not drop the case.

Approximately seven months after Claxton consulted Williamson, the parties entered into a written agreement which provided that Claxton was employing both attorneys to represent him and would pay them one-third of "all sums collected" in the event of the settlement of the case without trial. When it became apparent that Claxton could not sue the SBA for both specific performance and monetary damages, Claxton elected the specific performance remedy as he wanted the property, and Taggart negotiated an agreement with the SBA for Claxton to purchase the property for the original bid price plus 10% financing for 15 years with no down payment, and the realty company agreed to return its $3,500 commission. Taggart claims he signed the contingency fee agreement because he was led to believe that Claxton had no money to pursue his case further, and that he later discovered that Claxton had the SBA check for $36,250 in his safety deposit box. Taggart then sought to rescind the contingency fee agreement and attempted to persuade appellee to pay for his services on an hourly fee basis. Appellee refused and hired another attorney to conclude negotiations with the SBA. Taggart brought suit against Claxton and appeals from a judgment entered on a jury verdict in favor of Claxton.

1. Appellant argues that the verdict was contrary to the evidence. We presume that he means the weight of the evidence and note that this court cannot review the weight of the evidence, as appellate courts only consider the sufficiency of the evidence to support the verdict. *Ridley v. State*, 236 Ga. 147, 148 (223 SE2d 131) (1976). As the evidence showed that the parties had entered into a written contingency fee agreement for one-third of all sums collected if the case was settled prior to trial, there is some evidence to support the jury verdict. *B & L Service Co. v. Gerson*, 167 Ga. App. 679 (307 SE2d 262) (1983); *Speir v. Williams*, 146 Ga. App. 880, 881 (247 SE2d 549) (1978).

2. The trial court did not err in refusing to give Taggart's request to charge on fraud, as the proposed charge was not justified by the evidence. The evidence showed that appellee hired Williamson, who subsequently associated Taggart to assist in handling appellee's case. While the evidence is conflicting as to whether the oral contract of employment was on an hourly or contingent fee basis, and Williamson did not testify, it is undisputed that the parties entered into a written contingent fee contract on July 14, 1981. The misrepresentation as to appellee's financial condition, which appellant claims he relied upon,

was made by Williamson, and appellee remained silent. Without getting into all the ramifications of the agency relationship, we find that in order to raise a defense of fraud to void a contract, it is not sufficient to simply show that a fraudulent misrepresentation was made which was known to be false and made with intent to deceive, " *'[i]t must also be shown that* [the party alleging the fraud] *exercised due care to discover the fraud* and that he relied upon the false representations to his injury' [Cit.]." *Bimbo Builders v. Stubbs Properties*, 158 Ga. App. 280, 281 (279 SE2d 730) (1981). In the instant case, appellant claims to be an able and experienced trial lawyer. There was no urgency in the situation and he could have easily checked out appellee's financial circumstances. By his own admission, Taggart could have signed the contract or withdrawn and pursued his fee for services rendered in the appropriate court.

*Judgment affirmed. McMurray, C. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED APRIL 30, 1984.

*Loren S. Granoff*, for appellant.
*Malcolm F. Bryant, Jr.*, for appellee.