## 70871. ALLEN v. SANDERS.
(337 SE2d 428)

CARLEY, Judge.

Appellant, appellee, and another person entered into a partnership for the purpose of buying and selling real estate. The partnership was subsequently dissolved, and the partners distributed the partnership property among themselves. In connection with the property distribution, appellee executed a note payable to appellant in the amount of $20,000. Additionally, the partners executed a written dissolution agreement which included broad general provisions whereby each partner released the others from all claims and demands which related to or resulted from the partnership, other than the $20,000 note from appellee to appellant. The agreement further provided that appellee and the third partner would share "the $70,000.00 tax loss incurred by the partnership as a result of the foreclosure of" a particular piece of partnership property.

Appellee failed to pay appellant $20,000, and appellant instituted a lawsuit to recover on the note. Appellee counterclaimed, alleging among other things that appellant owed him certain sums pursuant to the terms of the dissolution agreement and an additional sum pursuant to a personal pledge given to appellee by appellant. The case proceeded to trial before a jury. A directed verdict was granted in favor of appellant on the main claim involving the promissory note, and the jury returned a verdict in favor of appellee on the counterclaim. The instant appeal involves only the judgment entered on the jury's verdict in favor of appellee.

The jury's verdict against appellant had two foundations: the tax loss provisions of the dissolution agreement, and a written pledge whereby appellant promised to pay appellee a specified amount in the event that a certain piece of partnership property was used to satisfy a personal debt of appellant. Appellant contends that neither of these bases of liability is viable, and that the trial court erred in denying his post-trial motions.

1. With regard to appellant's written pledge to appellee, there was evidence from which a jury could find that, unbeknownst to appellee at the time, appellant used a particular piece of partnership property as security for a personal debt. Consequently, appellant issued the written pledge to appellee, promising to pay him a specified sum if the partnership property was used to satisfy appellant's personal debt secured thereby. The property was ultimately used for that

purpose. However, because the pledge was made prior to the partners' execution of the partnership dissolution agreement, appellant contends that his obligation thereunder was extinguished by the general release provisions of the dissolution document. Appellee's position is that appellant remained liable on the pledge because he fraudulently induced appellee to agree to the terms of the partnership dissolution.

Fraud which constitutes a ground for voiding a contract under OCGA § 13-5-5 must be fraud which induced a party to enter into the contract. *Gilreath v. Argo*, 135 Ga. App. 849, 851 (3) (219 SE2d 461) (1975). The elements of fraud are "(1) a false representation made by the defendant; (2) scienter; (3) an intention to induce [the] plaintiff to act or [to] refrain from acting in reliance thereon; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff. [Cit.] Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to [sustain a finding] of its existence. [Cit.] It is peculiarly the province of the jury to pass on these circumstances. [Cits.]" *Tolar Constr. Co. v. GAF Corp.*, 154 Ga. App. 127, 129 (267 SE2d 635) (1980), rev'd on other grounds, 246 Ga. 411 (271 SE2d 811) (1980). "Constructive fraud, as well as actual fraud, voids [a] contract at the election of the injured party, and may authorize a rescission of a written release from liability." *Southeastern Greyhound Lines v. Fisher*, 72 Ga. App. 717, 722 (4) (34 SE2d 906) (1945).

Although the evidence presented at trial was conflicting, there was some evidence that appellant represented to appellee that the pledged property was a "complete loss," that appellant "lost everything," and that he "got nothing out of" the foreclosure of the pledged property. However, appellant had received something of value in the form of options to purchase certain realty at the time he encumbered the property, and when the foreclosure occurred, appellant received a $50,000 credit on his personal debt. There was also some evidence that, on the day the partnership dissolution agreement was signed, appellant told appellee that appellant had renewed a bank loan against certain partnership property which had been distributed to appellant. However, appellee subsequently discovered that the loan had been renewed against a different piece of property which had been distributed to appellee. Appellant also misrepresented the values of the equities in various partnership properties. Appellee testified that he relied on appellant's representations, and that he would not have agreed to the terms of the partnership dissolution had he been aware of the true state of affairs. As a result of appellant's misrepresentations, appellee not only lost his interest in the partnership property which was the subject of appellant's pledge, but he was also ultimately liable on a loan for which his property was collateral.

Our review of the transcript thus reveals that there was some evidence from which the jury could find that appellant knowingly made

false representations to appellee with the intent of inducing appellee to agree to the terms of the partnership dissolution agreement, and that appellee relied on those representations and incurred damage as a result. There remains, however, the issue of whether appellee's reliance on appellant's representations was justified, or whether appellee had a duty to investigate the true status of the various partnership properties prior to executing the dissolution agreement.

" 'One cannot claim to be defrauded about a matter equally open to the observation of all parties where no special relation of trust or confidence exists. [Cits.] Further, in the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations. . . . [Cits.]' [Cit.]" *Bragg v. Sirockman*, 169 Ga. App. 643, 644 (314 SE2d 478) (1984). See also *Taggart v. Claxton*, 170 Ga. App. 768 (318 SE2d 208) (1984); *Bimbo Bldrs. v. Stubbs Properties*, 158 Ga. App. 280, 281 (1) (279 SE2d 730) (1981). However, a special relation of trust or confidence exists between partners, who owe a duty of "utmost good faith" to each other. OCGA § 23-2-58. Because of that confidential relationship, one partner is entitled to rely on representations made by another partner. *Crosby v. Rogers*, 197 Ga. 616, 622 (2) (30 SE2d 248) (1944).

We find that the evidence in the instant case was sufficient to establish the elements of fraud in the inducement with regard to appellee's execution of the partnership dissolution agreement. The jury was thus authorized to find that the release provisions of that document did not operate to extinguish appellant's obligation to appellee pursuant to the written pledge. Therefore, the trial court did not err in denying appellee's post-trial motions insofar as those motions pertained to appellant's liability on his written pledge to appellee.

2. With regard to the tax loss provision of the partnership dissolution agreement, there was evidence that although appellee actually received his proportionate share of the tax write-off, the actual amount of the tax loss was substantially less than the amount stated in the dissolution document. Appellee contends that appellant misrepresented the value of the tax loss, and that appellee is therefore entitled to a recovery against appellant in accordance with the principles discussed in Division 1 herein.

We need not address whether, having avoided the general release provisions of the dissolution agreement, appellee is nevertheless entitled to enforce the substantive provision pertaining to the tax loss. Even if that portion of the contract remained intact, appellee's recovery thereunder was not authorized under a fraud theory of the case. The record and transcript reveal no evidence from which a jury could reasonably infer that the value of the tax loss was knowingly misrepresented by appellant. Moreover, " '[f]raud cannot consist of mere

broken promises, unfulfilled predictions or erroneous conjecture as to future events. [Cits.]' [Cit.] 'A misrepresentation as to the status of the law, or as to a matter of law, or as to its effect upon the subject matter of a contract is a statement of opinion only and cannot afford a basis for a charge of fraud or deceit.' [Cit.]" *Charter Medical Mgt. Co. v. Ware Manor, Inc.*, 159 Ga. App. 378, 383 (5) (283 SE2d 330) (1981). " 'In actions for fraud the misrepresentations relied on must relate to *past or existing facts*. [Cits.] Misrepresentations as to a question of law cannot constitute remediable fraud, as such representations are ordinarily regarded as mere expressions of opinion. [Cits.] . . .' [Cit.]" (Emphasis in original.) *Stephens v. C & S Nat. Bank*, 170 Ga. App. 793, 794 (2) (318 SE2d 216) (1984). Thus, under the circumstances of the instant case, there was no valid basis for appellee's recovery of the difference between the value of the tax loss he actually received and the value of the anticipated tax loss as set forth in the partnership dissolution agreement.

3. The verdict and the judgment of the trial court were not, as appellant contends, based upon a partnership accounting over which the trial court had no jurisdiction. Appellant's enumeration of error based on that contention is without merit.

4. For the reasons discussed herein, the judgment of the trial court is affirmed with direction to strike that portion thereof which is based upon the tax loss provision of the partnership dissolution agreement.

*Judgment affirmed with direction. Birdsong, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 30, 1985.

*Fred L. Cavalli*, for appellant.
*Jimmy W. Jones*, for appellee.