74609. STALEY et al. v. SOUTHERN GUARANTY
INVESTMENT COMPANY et al.
(361 SE2d 67)

BEASLEY, Judge.

Permission for an interlocutory appeal was granted to the plaintiffs, the Staleys, from the denial of their motion for summary judgment. They had sued real estate developers Southern Guaranty Investment Company, Inc., Ganymede, Inc., and Leander, Inc. for default on a promissory note.

Plaintiffs had executed a real estate purchase agreement to buy from defendants a 9.22-acre tract of undeveloped land for $100,000 and had paid $15,017.32 over a period of time. Title was to pass upon full payment. The Staleys refused to continue paying and sought to rescind the agreement and recover the amounts paid, on the purported ground that misrepresentations had been made about the availability of telephone service to the property.

The defendants acquiesced in the rescission and agreed to cancel the purchase agreement. In furtherance of this unraveling of the original transaction, the Staleys executed a quitclaim deed to defendants, which they recorded along with the affidavit of defendants' president acknowledging cancellation of the purchase agreement. Defendants also, by their president, gave plaintiffs a promissory note for the $15,017.32, payable in twelve months with no interest, and subject to the addition of collection costs including attorney fees.

Defendants did not pay the note. They did, however, subdivide the tract and sold all but one section for a total amount in excess of the $100,000-Staley purchase price. Their defense is that the note was executed under duress and induced by fraud. The asserted particulars are that Mr. Staley threatened to sue defendants for fraud in securing the purchase agreement, as he had done with another developer, that he would publicize the alleged fraud to the radio media, and that he would report to the federal authorities.

1. It is true that duress, as contoured by the law, will allow one to avoid the consequences of entering into a contract under its influence. OCGA § 13-5-6; *Tidwell v. Critz*, 248 Ga. 201, 203 (282 SE2d 104) (1981); *Graham v. Cook*, 179 Ga. App. 603, 604 (2) (347 SE2d 623) (1986); *Cannon v. Kitchens*, 240 Ga. 239, 240 (240 SE2d 78) (1977).

But, going one step farther, "[i]t has (also) long been the law of this state that '[w]here the execution of a contract is procured by duress, the person executing it may, after removal of the duress, waive the duress and ratify the contract.' (Cits.)" *Charter Medical &c. Co. v. Ware Manor*, 159 Ga. App. 378, 382 (3) (283 SE2d 330) (1981).

Part and parcel of the transaction which included the note, given in lieu of return of the purchase money at that time, was the "cancellation" or termination of the purchase agreement and the obtaining and recording of a quitclaim deed from the Staleys. Defendants did not at any time seek to revive or enforce the purchase agreement but instead acted on its demise by subdividing the tract and reselling the property in smaller units. It is undisputed that they were not under restraint to take this action by the alleged threats. See *Monk v. Holden*, 186 Ga. 548, 555 (2) (198 SE 697) (1938). The absence of duress in this regard is equivalent to the "removal of duress" which leaves the situation open to a waiver of the duress and ratification of the contract.

Such were the facts in *Charter Medical*, supra, which involved another multi-part transaction. As in that case, defendants here ratified the rescission by publicly memorializing it and reselling the property, thereby obligating themselves to return the purchase money by honoring the note despite any legally cognizable duress which had precipitated it. Their actions amounted to a waiver of the defense of duress. *Augusta Motor Sales Co. v. King*, 36 Ga. App. 541 (137 SE 102) (1926).

2. Defendants also claimed fraud on the part of the Staleys, as a defense to the note. Fraud renders contracts voidable. OCGA § 13-5-5. As best as can be discerned from the record, the fraud which is alluded to is that the Staleys gave somewhat preposterous and contrived reasons for wanting to rescind the purchase agreement and did not reveal their true plans for the property, of which use defendants

disapproved.

Even if these representations constituted such fraud as could avoid the obligation to pay the note, the element of damage is missing. *Allen v. Sanders*, 176 Ga. App. 647, 648 (1) (337 SE2d 428) (1985). In regaining an unencumbered interest in the property, for which the note was consideration, and reselling it free of the Staley purchase agreement, defendants realized no loss, as defendants' president acknowledged in deposition.

Defendants' defenses having failed as a matter of law, based on the record before the trial court, summary judgment in favor of plaintiffs was required.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 14, 1987.

*David M. Bowen, Kenneth W. Krontz*, for appellants.
*Sidney R. Barrett, Jr.*, for appellees.