No. 65.—BENJAMIN T. LOWE, for the use &c. plaintiff in error, *vs.* JOHN MURPHY, administrator, &c. of JOHN A. SCOTT, dec'd. defendant in error.

[1.] The plaintiff declared upon the following instrument, "This is to certify that I did, in the year 1844, purchase of B. F. White his tan yard and stock, for which I did promise to pay Benjamin T. Lowe, for the benefit of B. F White, four hundred and seventy-five dollars; which *amount I hereby ac-. knowledge to be unpaid and yet due;* and one note of hand for fifty-three dollars and fifty cents, which note is said to be lost or mislaid—each amount bearing interest from 1st January, 1845.
                              "(Signed.)          JOHN A. SCOTT.
"September 23, 1847."
*Held,* that the foregoing instrument is, in legal contemplation, a due bill, and may be declared on as a promissory note.

Assumpsit, &c. in Harris Superior Court.    Tried before Judge ALEXANDER, September Term, 1850.

This was an action upon the following account, annexed as a bill of particulars:

"John A. Scott to
                  "Benj. T. Lowe, for use, &c.          Dr.
To 1 tan yard and stock,     -     -     -     -     $475 00
   " amount of promissory note, lost or mislaid,       53 60
                                                     _____
                                                     $528 60

Lowe *vs.* Murphy.

Upon the trial, plaintiff's counsel moved to amend their declaration by inserting a count upon the following instrument, describing the same as a promissory note:

" This is to certify that I did, in the year 1844, purchase of B. F. White his tan yard and stock, for which I did promise to pay to Benjamin T. Lowe, for the benefit of B. F. White, four hundred and seventy-five dollars, which amount I hereby acknowledge to be unpaid, and yet due; and one note of hand for fifty-three dollars and fifty cents, which note is said to be lost or mislaid: each amount bearing interest from the 1st January, 1845.   Sept. 23, 1847.

" (Signed,)                               JOHN A. SCOTT."

The Court rejected the amendment, deciding that the instrument was not a promissory note and could not be declared on as such.   This decision is the first error assigned.

Plaintiff's counsel then moved to amend by adding the following as a count:

" And your petitioner further showeth that the said defendant is indebted to him in the further sum of five hundred and twenty-eight dollars and sixty cents, besides interest, on a written promise and acknowledgement, dated and due on the 23d September, 1847, which said sum the said defendant refuses to pay." To this count was annexed a copy of the instrument above set forth.

The Court rejected the amendment, and this decision is assigned for error.

The plaintiff having proved the execution of the above described instrument, offered the same in evidence, under the original declaration.

The Court rejected the evidence, and this decision is assigned for error.

H. Holt, for plaintiff in error.

Benning & Ingram, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] If the instrument declared on by the plaintiff is, in contemplation of law, a due bill, then it may be declared on as a promissory note. *Kemball vs. Huntingdon*, 10 *Wendell's Rep.* 675. By transposing the words of the instrument, without altering its legal effect, it will read as follows: "Due Benjamin F. Lowe, for the benefit of B. F. White, four hundred and seventy-five dollars, for his tan yard and stock, purchased of B. F. White, and fifty-three dollars and fifty cents for one note of hand which is said to be lost or mislaid—each amount bearing interest from 1st January, 1845. (Signed,) JOHN A. SCOTT.

" Sept. 23, 1847."

The inquiry is, does this paper import an engagement that money shall be paid absolutely? If it does, no matter by what words, it is a good note. *Luqueen vs. Prossen*, 1 *Hill's N. Y. Rep.* 259. In *Brewer vs. Brewer*, (6 *Ga. Rep.* 588,) we held the following instrument to be a due bill:

"I do hereby acknowledge the credit of three hundred and thirty-two dollars and fifty cents, to be due to the estate of Drewry Brewer, deceased. (Signed,) CLARK BREWER.

" August 5th, 1847."

See also *Carey vs. McDougald*, 7 *Ga. Rep.* 85.

We are of the opinion the paper declared on by the plaintiff imports an engagement to pay money, and states also the consideration for that engagement, and is a due bill in contemplation of law, and may be declared on as a promissory note. The amendment offered by the plaintiff to his declaration ought to have been allowed.

Let the judgment of the Court below be reversed.