### WOODBRIDGE *v.* DROUGHT.

SIMMONS, C. J.   1. Where a petition contains several counts, it is not error to refuse to dismiss the whole case on the ground that one of the counts is bad.

2. Where the payee in several promissory notes brings suit thereon in his own name for the use of another, and the usee, before the commencement of the action, has acquired the legal title by indorsement, the petition is amendable by striking the name of the original plaintiff and allowing the action to proceed in the name of the usee.   *Wilson* v. *Presbyterian Church,* 56 *Ga.* 554 ; *Martin* v. *Lamb,* 77 *Ga.* 252 (2) ; *Liverpool Ins. Co.* v. *Ellington,* 94 *Ga.* 785.

3. Where an attachment is issued against a person, and property is seized under garnishment proceedings based thereon, and the defendant dissolves the garnishment by giving bond and security, and a declaration is filed according to the Civil Code, § 4556, and the defendant appears and pleads to the merits, and on the trial on the merits such defendant moves to dismiss the attachment on certain technical grounds, it is immaterial whether the trial judge grants this motion or not.   When the bond was given by the defendant, the attachment was at an end, and the plaintiff had a right to prosecute his case as at common law.   See *Thompson* v. *Wright,* 22 *Ga.* 612 ; *Walter* v. *Kierstead,* 74 *Ga.* 19 ; *King* v. *Randall,* 95 *Ga.* 449.

4. The following instrument was properly held to be a promissory note : " I hereby acknowledge that the note for One Thousand Six Hundred and

Twenty-eight Dollars and Sixteen Cents (1628.16), with interest at eight per cent. per annum, given by me to Mr. E. B. Drought dated January 30th, 1893 (93) has not been paid — original note, Mr. Drought says, has been lost — this is to renew said note. A. C. Woodbridge. June 1st, 1898. Sanford, Florida." *Lowe* v. *Murphy,* 9 *Ga.* 338; *Lynch* v. *Goldsmith,* 64 *Ga.* 42.

5. A ground of a motion for a new trial alleging error in the admission of evidence over the objections of the movant will not be considered unless the motion discloses what objections were made before the trial judge. A recital that objection was made at the time and a further recital that for certain reasons the evidence was inadmissible are not sufficient to show that those reasons were suggested to the trial judge and the objections based thereon.

6. Where suit was brought on several promissory notes, and the defendant's sole defense was that they had been "fully satisfied and discharged" by a certain agreement, given defendant by plaintiff's agent, which receipted for payment of the notes and acknowledged that they were without consideration, and this receipt was introduced in evidence and attacked as a forgery, it was not error as against the defendant for the trial judge to follow the phraseology of the defendant's plea and charge the jury that the question for them to determine was whether the notes had been satisfied, and, if so, in what manner they had been satisfied.

7. No material error was committed, and the evidence authorized the verdict.
                    *Judgment affirmed. All the Justices concur.*

Argued July 24, — Decided August 14, 1903.

Complaint — attachment. Before Judge Norwood. City court of Savannah. November 7, 1902.

*George W. Owens,* by *William L. Clay,* for plaintiff in error. *Twiggs & Oliver,* contra.