SUBMITTED JANUARY 5, 1966—DECIDED FEBRUARY 23, 1966.

*Casey Thigpen*, for appellant.
*Thomas A. Hutcheson, Solicitor*, for appellee.

### 41827. SOUTHERN CEMETERY CONSULTANTS OF GEORGIA, INC. v. DAWN MEMORIAL PARK, INC.

FRANKUM, Judge. The plaintiff in this case originally filed a single-count petition seeking to recover from the defendant commissions alleged to have been earned by it under the terms of a contract between the plaintiff and the defendant for the sale of cemetery lots and markers. The defendant demurred generally and specially to the petition. After the plaintiff had amended the petition, the defendant renewed its demurrers and filed additional grounds of demurrer. On September 28, 1964, the trial court passed an order sustaining the defendant's demurrers on each and every ground and

granting the plaintiff leave to amend within 20 days. On October 13, 1964, within the 20 day period, the plaintiff filed an amendment to its petition. No further action appears to have been taken in the case until December 8, 1965, when plaintiff filed a third amendment to its petition by which it added a second count. It does not appear from the record that any demurrer or objection to the latter amendment was filed. On December 14, 1965, the defendant filed a written motion to dismiss "the plaintiff's petition" on the ground that plaintiff's amendment filed in October, 1964, failed to meet the terms of the court's order of September 28, 1964, sustaining defendant's renewed demurrers. No reference was contained in that motion to the amendment of December 8, 1965, adding the second count to the plaintiff's petition. On the same day on which that motion was filed the trial court passed an order granting "the above and foregoing motion to dismiss the petition of the plaintiff as finally amended." The plaintiff has appealed from that order to this court, and in its enumeration of errors contends that that order was erroneous because the petition as amended set out a cause of action against the defendant.

If any portion of a petition sets forth a cause of action, it is error to sustain a general demurrer thereto. *Carroll v. Johnson,* 105 Ga. App. 541, 542 (1) (125 SE2d 91). Where a petition contains two or more counts, one of which, at least, sets forth a cause of action against the defendant, it is error for the court to sustain a demurrer or a motion to dismiss the entire petition. *Woodbridge v. Drought,* 118 Ga. 671 (1) (45 SE 266); *Train v. Emerson,* 137 Ga. 730 (2) (74 SE 241). Count 2 of the petition, added by the plaintiff's amendment filed prior to the order dismissing the petition, alleged in effect that the plaintiff corporation supplied salesmen pursuant to an oral contract had with the defendant to sell cemetery lots and bronze markers; that plaintiff was to be paid a commission of 40% on the sales of cemetery lots and a commission of 30% on the sales of bronze markers; that during the first year of the contract the plaintiff through its salesmen sold 262 cemetery lots for a gross volume of $107,180, and a total of 6 bronze markers for a gross total of $2,210.38; that the commissions earned by the plaintiff totaled $10,063.99, and that the defendant is indebted to the plaintiff in that amount, and the amendment prayed for a judgment against the de-

fendant in the principal sum sued for. The defendant could not admit all the allegations of count 2 of the petition and still escape liability to the plaintiff. *Harvey v. Zell*, 87 Ga. App. 280, 284 (73 SE2d 605); *Atlanta & W. P. R. Co. v. McDonald*, 88 Ga. App. 515, 519 (76 SE2d 825). It follows that the court erred in granting the defendant's motion to dismiss.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*

ARGUED FEBRUARY 7, 1966—DECIDED FEBRUARY 23, 1966.

*Grant, Spears & Duckworth, William G. Grant, Stephens Mitchell,* for appellant.

*Moreton Rolleston, Jr.,* for appellee.