### 42501. DAWN MEMORIAL PARK, INC. v. SOUTHERN CEMETERY CONSULTANTS OF GEORGIA, INC.

JORDAN, Judge. This is the third appearance of this case before this court. See *Southern Cemetery &c. of Ga. v. Dawn Memorial Park*, 113 Ga. App. 189 (147 SE2d 475), and *Dawn Memorial Park. v. Southern Cemetery &c. of Ga.*, 113 Ga. App. 814 (149 SE2d 760). The basic facts appear in the first reported opinion. The current appeal is from the order of the court on March 4, 1966, overruling the defendant's motion of the same date to dismiss the second count of the petition, and the further order of the trial court on Septem-

ber 22, 1966, overruling the defendant's motion of September 12, 1966, to dismiss the first count of the petition. The defendant, as appellant, contends that neither count sets forth a cause of action. *Held:*

1. The ruling of the trial court as to the second count on March 4, 1966, is controlled by the first opinion of this court on February 23, 1966, in which it was stated (113 Ga. App. 189, 191) that: "[t]he defendant could not admit all the allegations of Count 2 of the petition and still escape liability to the plaintiff."

2. By an amendment allowed and filed on March 14, 1966, the plaintiff revised the first count of the petition. As amended, the details of the agreement and commissions earned are verbatim the same as the second count, except the second count contains additional allegations as to the value of the services rendered, but this basis is the same as the alleged agreed compensation, 40% on the sale of the lots and 30% on the sale of markers. As was said with respect to the second count, supra, the defendant also cannot admit all of the allegations in the first count and escape liability.

3. The defendant contends that recovery is barred under the statute of frauds as a parol agreement not to be performed within one year (*Code* § 20-401 (5)), but the plaintiff shows performance in the first year in substantial accord with the parol agreement, and affirmatively alleges the absence of any specific quota for the sales made after the first year. Conceding, without deciding, that the contract in its executory state was within the statute of frauds, the alleged performance brings it within the exceptions of *Code* § 20-402. Moreover, if the action under either count be one in quantum meruit, which the defendant asserts in his brief as opposed to the allegations showing an actual promise to pay a specified commission for services rendered, the statute of frauds is no bar to the relief sought. See 37 CJS 780, Statute of Frauds, § 259.

4. Each count of the petition sets forth a cause of action good against a motion in the nature of a general demurrer, and the trial court did not err in refusing to sustain the motions of the defendant.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

SUBMITTED JANUARY 6, 1967—DECIDED FEBRUARY 9, 1967.

*Moreton Rolleston, Jr.,* for appellant.

*Stephens Mitchell, Grant, Spears & Duckworth, William G. Grant,* for appellee.