## 54134. APPLING MOTORS, INC. v. TODD.

BELL, Chief Judge.

Plaintiff filed suit on a promissory note and on an open account. Defendant counterclaimed. The court directed a verdict in favor of the plaintiff on the main claim and denied its motion on the counterclaim. The jury returned a verdict for defendant on the counterclaim. The only issues raised on appeal concern the counterclaim. *Held:*

1. Plaintiff sold defendant a corn combine. A written purchase agreement was executed and it contained a warranty provision which covered defective parts. The combine malfunctioned on September 13, 1972. Plaintiff's mechanic performed repairs on the combine under the warranty by replacing a fuel pump. Several days later the combine was badly burned. It was again repaired by plaintiff with the repair work paid for by insurance. It was returned to defendant on October 19, 1972. Defendant claimed the fire was caused by plaintiff's mechanic's negligence in performing the warranty repairs and this formed the basis for defendant's counterclaim. The warranty provision of the contract provided: "In no event shall the buyer be entitled to recover for incidental or consequential damages, including, but not limited to, loss of crops, inconvenience, rental or replacement equipment,

loss of profits, or other commercial loss." This provision will not bar defendant's counterclaim as it would apply only to loss occasioned by the defective part which was within the warranty and not to the negligence in installing it and the consequential damages that followed.

2. All the other enumerations concern the admissibility and sufficiency of the proof of the claimed damages for the loss of use of the combine; the resulting loss of profits and depreciation in its value.

a. *Loss of use*. Defendant's witness, another farmer, testified that he had fifteen years experience with corn combines; that in the area of this loss he knew of no combines for rent; but that he would have rented his own combine to defendant at $12 per acre. Defendant, also a person with many years of experience with the operation of corn combines also testified that he was familiar with the manner in which corn combines in his own area were leased and he testified that the reasonable rental value of corn combines in this area was also $12. This opinion testimony was admissible and competent on the issue of the reasonable rental value as both qualified by reason of their experience as experts in the combining business. *Doster v. Brown*, 25 Ga. 24. As experts their opinions were admissible. Code § 38-1710. The fact that the one witness for defendant testified that he had not rented a combine previously would only go to the weight of his testimony and not the admissibility.

b. *Loss of profits*. It is the general rule that the loss of expected profits are not recoverable as they are too speculative, remote, and uncertain. *Ga. Grain Growers Assn., Inc. v. Craven*, 95 Ga. App. 741, 747 (98 SE2d 633). But it does not apply where, as here, evidence of loss of profits was shown with reasonable certainty. *Jenkins v. Cobb*, 47 Ga. App. 456, 462 (170 SE 698). Defendant testified that he had contracted with other farmers to combine their corn during the 1972 harvest at a specified price per bushel and that he could combine an average of 3,000 per day; and he also testified with equal definiteness as to his costs in combining corn; and that his combine was inoperable during the peak of the harvesting season.

c. *Depreciation.* Defendant was allowed to testify that his combine because of the burning depreciated in value "three or four thousand dollars." In addition there was evidence that defendant purchased the combine new in 1971 for $19,482.49 and that it was burned in September 1972. Defendant also testified that after the machine was repaired he attempted to trade it in on a new one for a $4,000 cash difference but plaintiff countered with a $6,000 cash difference. This evidence was admissible on the question of depreciation in value as defendant furnished reasons therefor. Code § 38-1708.

As there was evidence on all these issues, it was not error to deny plaintiff's motion for a directed verdict on the grounds of lack of proof of the defendant's damages.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED JUNE 27, 1977 — DECIDED OCTOBER 25, 1977.

*Kopp, Peavy & Conner, J. Edwin Peavy, Emmett P. Johnson,* for appellant.

*Leon A. Wilson, II,* for appellee.