## 55960. SPEIR v. WILLIAMS.

BIRDSONG, Judge.

This appeal arose out of a jury verdict and judgment awarding appellee Williams $15,000 actual damages and attorney fees caused by Speir's wilful and intentional scheme to defraud Williams out of $15,000 which was part of the consideration for land acquisition. The jury was warranted in concluding from the facts that Williams and Speir entered into an agreement either as partners or as joint venturers to purchase certain property and to build a child care center thereon. Speir was a real estate broker and Williams owned and operated two other child care centers. Speir located land and informed Williams and a bank that the owner of the land would sell the tract for $35,000. The bank made a loan jointly to Williams and Speir's real estate corporation in the amount of $35,000 plus incidental costs. In fact, however, Speir purchased the land in an individual capacity, for the amount of $20,000. The additional $15,000 was used to purchase a $10,000 certificate of deposit and to place $5,000 in Mrs. Speir's bank account. The proceeds of the $35,000 check were placed into Speir's individual bank account and the payment for the land as well as the disbursement of the remaining $15,000 was made from Speir's individual bank account. Subsequently, Williams learned of the actual purchase price and demanded the return of the $15,000. Williams bases his right to recover upon the confidential relationship that existed between the parties because of the agency or joint venture. Speir defended against that contention by asserting that no agency or joint venture ever existed as to the purchase of the land for the child care center. Speir moved the trial court unsuccessfully for a directed verdict and objected to the submission to the jury of the issue of attorney fees. He also complains that the trial court erred in entering judgment on the jury verdict because the evidence allegedly does not support the verdict. *Held:*

1. We affirm the judgment of the trial court. There was evidence strongly supportive of appellant's contentions. But that evidence was disputed. It is the law of this state that evidence strongly supporting but not

demanding a particular finding does not warrant a directed verdict. *Jenkins v. Gulf States Mtg. Co.,* 138 Ga. App. 835 (227 SE2d 522); *E-Z Go Cart Div. of Textron v. Kuhlke Const. Co.,* 141 Ga. App. 711 (234 SE2d 339). In reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the "any evidence" test. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743); *Johnson v. Mann,* 132 Ga. App. 169 (207 SE2d 663). There being evidence supportive of Williams' contentions, the trial court did not err in denying the motion for a directed verdict.

2. A similar rule must be applied in relation to the alleged insufficiency of the evidence. In the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence even where the verdict may be against the preponderance of the evidence. The contentions of the parties in this case were submitted to the jury under appropriate legal instructions. The jury resolved those contentions adversely to appellant. There is some evidence to support the jury's verdict. We do not find error. Under these circumstances, the trial court did not err in entering judgment on the verdict of the jury. *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271).

3. Appellant also argues that it was error to submit the issue of attorney fees to the jury. Again, we find no error. The wilful violation of the rights of another involves the species of bad faith that entitles the person wronged to recover the expense of litigation including attorney fees. *Ponce de Leon Condominiums v. DiGirolamo,* 238 Ga. 188, 190 (2) (232 SE2d 62); *Atlanta Journal Co. v. Doyal,* 82 Ga. App. 321 (60 SE2d 802); *Dodd v. Slater,* 101 Ga. App. 358, 360 (3) (114 SE2d 167). The jury's verdict is consistent both in finding the violation and awarding the attorney fees and those findings are supported by the evidence.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

Argued May 22, 1978 — Decided July 3, 1978 — Rehearing denied July 28, 1978 —

*Groover & Childs, Denmark Groover, Jr.,* for

appellant.

*Hartley & O'Neal, Robert L. Hartley,* for appellee.