## 60686. APOSTLE v. PRINCE.

Pope, Judge.

Plaintiff-appellant initiated this suit to recover damages to his automobile which resulted from a collision allegedly caused by defendant-appellee's negligent driving. Damages were sought only for the permanent impairment in value of plaintiff's automobile and for loss of use while it was being repaired. Damages for the cost of repairs were not sought because they had been paid by plaintiff's insurance company and in turn recovered from defendant's insurance company. Following the presentation of plaintiff's evidence the trial court directed a verdict in favor of defendant from which plaintiff appeals.

1. The first enumerations argued by plaintiff are concerned with whether the trial court properly excluded opinion testimony by the plaintiff as to the market value of his automobile after it had been repaired. The court ruled that the proper foundation had not been laid showing that the owner had the required knowledge, experience,

or familiarity to express such an opinion. Code Ann. § 38-1709 provides: "Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion." This code section has been interpreted by this court to mean that "in order for a witness to give his opinion as to value, he must give his reasons for forming that opinion by showing that he had some knowledge, experience, or familiarity as to the value of the item. This is the requisite foundation." *Toney v. Johns,* 153 Ga. App. 880, 881 (267 SE2d 298) (1980).

" 'Evidence of value is not to be excluded merely because the valuation fixed by the witness as a matter of opinion depends' . . . 'wholly or in part upon hearsay, provided the witness has had an opportunity of forming a correct opinion. If it is based on hearsay this would go merely to its weight and would not be a ground for valid objections. Code § 38-1709. (Cits.)' *Schoolcraft v. DeKalb County,* 126 Ga. App. 101, 103 (2) (189 SE2d 915) [1972]." *Gibbs v. Clay,* 137 Ga. App. 381 (224 SE2d 46) (1976).

Plaintiff testified that he was familiar with the extent of repairs to his automobile and that he had owned and traded cars in the past. He introduced pictures into evidence showing the extent of damage and stated that following the repairs to his vehicle he was very dissatisfied and that he had contacted various dealers to see what his car was worth either to sell or to trade. During the trial plaintiff attempted on three occasions to give his opinion as to the amount of permanent impairment to his vehicle based on his conversations with three various dealers, but such testimony was disallowed by the court on the ground that plaintiff had failed to lay a proper foundation.

In reviewing various cases concerning the admissibility of opinion evidence as to market value by the owner of a damaged vehicle, it appears that the foundation laid in the present case showed that the owner had sufficient knowledge, experience and familiarity to allow him to give an opinion as to the value of his vehicle after being repaired. *Appling Motors, Inc. v. Todd,* 143 Ga. App. 644 (2c) (239 SE2d 537) (1977); *Johnson v. Rooks,* 116 Ga. App. 394 (1) (157 SE2d 527) (1967). Therefore, plaintiff's testimony as to his opinion of the market value of his automobile was improperly excluded.

2. Plaintiff also enumerates as error the trial court's direction of a verdict for the defendant on the ground that plaintiff failed to present sufficient evidence to prove loss of use of his automobile. Under Georgia law a plaintiff may recover the reasonable value of the use of a vehicle for a reasonable and necessary length of time during which the vehicle was being repaired. However, the aggregate of the amount for loss of use together with the amount of the repairs made

necessary by the accident and the value of any permanent impairment may not exceed the value of the automobile before the injury with interest thereon. *Webb v. May,* 91 Ga. App. 437 (85 SE2d 641) (1955).

Evidence was presented which recited the length of time the vehicle was being repaired and the various aspects of repair. For example the car was torn down at one shop for a repair estimate, taken to another shop to have the frame replaced and then returned to the first shop to have the front end repaired. The plaintiff expressed his opinion as to the reasonable rental value of a comparable car. There was sufficient evidence presented to allow the jury to determine damages for loss of use. Compare *Appling Motors, Inc. v. Todd,* supra.

3. The decision of this court in Divisions 1 and 2 of this case are dispositive of the case; therefore, it is unnecessary to consider the plaintiff's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED MARCH 19, 1981.

*Edward W. McCrimmon, Gerald Cunningham,* for appellant.
*Douglas W. Smith, Thomas S. Carlock,* for appellee.