63162. WALKER et al. v. CITY OF ATLANTA et al.

BIRDSONG, Judge.

Municipal Corporation—Tort Liability. The facts are not in dispute that the City of Atlanta employed McCullough Associates, Inc. to conduct an area water flow study preparatory to possible drainage construction. McCullough sent a two-man crew to examine the sewer drainage system in a named area of the city. What happened thereafter was factually contested. There was evidence that McCullough's crew consisted of two white men who opened a manhole into a sewer, examined it, and left before 9:00 a. m. of the morning in which the accident forming the basis of the complaint occurred, allegedly leaving the area secure. An employee of the city offered evidence that he saw a crew of four black men with two trucks (at least partially colored the same as trucks used by both McCullough and the City Water Department) at an open manhole but with a barrier in place. (The city's records showed that no city crews were engaged in activity that morning in that area.) Thirty minutes later, he observed the same manhole (the crew, barrier and trucks gone), but with the complainant, Mrs. Walker, present in her car. Mrs. Walker offered testimony that she was driving along a city street when she saw something in the road but with no persons close by and no barrier warning her of any danger. She attempted to navigate the hazard believing that she could straddle it with the wheels of her car. Unfortunately, she did not clear the open manhole and in the abrupt stopping of her vehicle suffered extensive facial injuries as well as other bodily injuries. Mrs. Walker brought suit for loss of salary, pain and suffering, and bodily injury. Mr. Walker joined the suit seeking medical expenses and loss of consortium. After an extensive trial, the jury basically was required to determine whether McCullough, the city, or both, were negligent, or whether Mrs. Walker was negligent or may have assumed the risk of proceeding past the hazard. The jury returned a verdict for both McCullough and the City of Atlanta. The trial court made that its judgment and denied a motion for new trial by the Walkers. This

appeal followed in which the Walkers have enumerated two related errors pertaining to the charge of the court. *Held:*

Appellants base their claim of error upon two related charges dealing with notice of a road hazard and responsibility of the city to provide adequate warning of an unsafe condition in a city street. In their first enumeration, appellants urge the trial court erred by failing to instruct the jury that a municipality has actual notice of a defect in its streets where the defect is created either by itself or its agent (independent contractor) and the city cannot divest itself of liability by causing work to be done by an independent contractor. The Walkers' second enumeration of error asserts the trial court erred by failing to give their request to charge number 1 that when work is being done on city streets, whether by the city or an independent contractor on behalf of the city, both the city and the independent contractor have a duty to take precautionary measures to prevent accidents during the construction period.

We experience difficulty with both these arguments. First, we note appellants do not take issue with the sufficiency of the evidence to support the verdict of the jury. Under the facts presented to the jury, we are satisfied the jury could have found that McCullough negligently left the manhole cover off, exposing passersby to unnecessary risk of harm. Appellee, City of Atlanta, does not dispute that had the jury so found, it would have been liable for the acts of its agent, McCullough.

Likewise under the evidence, the jury would have been warranted in finding McCullough had completed its work and replaced the manhole cover and that later a crew from the City of Atlanta was observed working at the manhole into which Mrs. Walker drove her car. While this would have absolved the appellee McCullough, the jury perforce would have placed liability upon the City of Atlanta. Yet another possible verdict of the jury was that some unknown third party removed the manhole cover, thus concluding neither the City of Atlanta nor its agent McCullough was the proximate cause of Mrs. Walker's injuries.

Under the evidence, the jury also could have found Mrs. Walker became aware of the danger of the situation created either by McCullough or by the City of Atlanta and notwithstanding the danger, was guilty of some degree of negligence and comparatively find Mrs. Walker was less negligent, as negligent as, or more negligent than either of the appellees. Lastly, the jury could have found Mrs. Walker was fully aware of the danger to herself, gambled upon her driving ability to be able safely to navigate the hazard and caused her own injuries by assuming the risk involved.

The jury received full and appropriate instructions on each of

these theories. This court is not privy to the theory adopted by the jury but pure logic demands the conclusion the jury either accepted the theory that Mrs. Walker assumed the risk and was thus responsible for causing her own injuries; that an unrelated third party created the hazard; or even that if McCullough and/or the City of Atlanta were guilty of some degree of actionable negligence, Mrs. Walker's negligence in the premises was equal to or greater than that of either of the appellees inasmuch as the jury absolved both appellees of negligence by returning a verdict in favor of both of them.

Such an analysis renders the enumerations of error by the Walkers harmless assuming there to be error in the charge or omission to charge by the trial court. The failure of the trial court to tell the jury that the city as well as the contractor had a responsibility to warn of construction site dangers becomes meaningless in view of the finding that neither the agent nor the city were determined to be negligent (or sufficiently negligent) so as to stand liable therefor to Mrs. Walker for injuries suffered by her while navigating the city streets. The jury was informed the city had a duty to keep its public streets in a safe condition for travel by ordinary and usual means. The only evidence presented to the jury indicated that whether it was McCullough making its survey earlier in the morning or the city work crew working later, the evidence indicated that a barrier was in place during the time the work was being performed. There is no indication in the record that either the city or McCullough were doing any on-going construction that extended beyond the time the crews actually were on the site. Mrs. Walker's testimony indicates when she ran into the open manhole there was no crew present and no warning barrier or sign was visible or present. The charge requested by the Walkers depended upon the evidence raising an issue that when work was being done, by whomever, the municipality and the contractor each had an independent duty to take precautionary measures to prevent accidents during the time of construction. Yet the evidence showed no construction in progress at the time of the accident. Though the tenor of the requested charge abstractly contained an accurate statement of legal principles, it was not adjusted to the facts because no "construction" was in progress at the time of the accident causing the injury. A requested charge need be given only where it embraces a correct and complete principle of law which has not been included in the general instructions given and where the request is pertinent and adjusted to the facts of the case. *SCM Corp. v. Thermo Structural Products,* 153 Ga. App. 372, 379 (265 SE2d 598).

These same general principles apply to the Walkers' arguments that the trial court erred in not charging the jury the city had actual

notice of its agent's (McCullough's) negligence and the resultant defective condition of the city roadway. Since the evidence called for this charge, the failure to give it would have been error had the jury found McCullough responsible for the negligent uncovering of the manhole and leaving the site still dangerous, but such was not the jury's verdict. Inasmuch as the agent was found by the jury to have acted without negligence or that Mrs. Walker's negligence was equal to or exceeded that of McCullough (or the city), there was no actionable negligence of which the city should have been aware. Even assuming that the trial court should have given such a charge to the jury, in view of the ultimate findings of the jury, we must conclude that the failure to so charge was harmless error. See *Stephens v. Hopper,* 241 Ga. 596, 601 (247 SE2d 92). We find no merit in either of the enumerations of error assigned.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MARCH 2, 1982.

*William H. Major, Joseph M. Feuer,* for appellants.
*Gwendolyn R. Tyre, Marva Jones Brooks, James H. Eichelberger, M. Taylor Tapley Daly,* for appellees.