66061. B & L SERVICE COMPANY, INC. v. GERSON.

Pope, Judge.

Appellant B & L Service Company, Inc. brought this action against appellee Edwin S. Gerson to recover the balance due on a contract to install a heating and air conditioning system in appellee's new home. Appellee counterclaimed for damages for breach of contract and negligent and defective installation and for punitive damages. Following a trial on the merits, the trial court directed a verdict in favor of appellant on the issue of punitive damages, and the jury returned a verdict in the amount of $5,049.78 in favor of appellee on his counterclaim. Appellant brings this appeal following the entry of the judgment on the verdict and the denial of its motion for new trial.

1. Appellant lists three enumerations of error challenging the sufficiency of the evidence to support the verdict, one being the denial of its motion for directed verdict. In reviewing both the overruling of a motion for directed verdict and the sufficiency of the evidence to support the verdict, this court will apply the "any evidence" test. *Speir v. Williams,* 146 Ga. App. 880 (1,2) (247 SE2d 549) (1978). That is, where the evidence does not demand a particular finding, a directed verdict is not warranted; where there is some

evidence to support the verdict, this court will not interfere with it. Construed most favorably to appellee, the evidence at trial showed that the work performed by appellant was not in compliance with the contract provision providing that the work would be performed "in the highest workmanlike manner possible. . . ." The evidence disclosed numerous instances of poor workmanship and also improper utilization of materials. Further, no final inspection of the work was performed and the manufacturer's warranty on the system was not in effect. Appellee provided testimony as to the costs he had incurred in investigating and correcting certain deficiencies in the installation of the system and also as to the costs of additional work necessary so that the manufacturer would honor the warranty. Based on this evidence, the trial court properly denied appellant's motion for directed verdict, and the evidence was sufficient to support the jury's verdict. Thus, appellant's enumerations Nos. 1, 5 and 6 are without merit.

2. Appellant's second enumeration cites as error the trial court's admitting two documents into evidence over its hearsay objection. The documents contain surveys of the subject heating and air conditioning system made by two contractors other than appellant. These surveys recommend various modifications to the system installed by appellant. The trial court admitted both documents solely for the purpose of explaining appellee's conduct in not paying the balance due pursuant to the subject contract and so instructed the jury. Under this circumstance, the trial court did not err in admitting the documents over appellant's hearsay objection. OCGA § 24-3-2 (Code Ann. § 38-302). See *Bodrey v. Bodrey,* 246 Ga. 122 (2) (269 SE2d 14) (1980). See generally *Momon v. State,* 249 Ga. 865 (294 SE2d 482) (1982).

3. Appellant next enumerates as error "allowing appellee's witness, a design engineer, to give his opinion as to the standard of care required of a heating and air conditioning contractor." Our review of the record in this case discloses no objection at trial on this ground. "The point appears here in its virgin state, wearing all its maiden blushes, and is therefore out of place." *Cleveland v. Chambliss,* 64 Ga. 352, 359 (1879).

4. Finally, appellant contends that the trial court erred in allowing appellee, a layman, to give his opinion as to the cost of doing certain heating and air conditioning work. Appellee testified that he had talked with various people who were familiar with heating and air conditioning systems like his and that he had reviewed the manual published by the manufacturer of the subject system. On the basis of that information, he testified that he formed an opinion as to the amount of work, and the cost thereof, needed for his system to meet

the manufacturer's standards. The thrust of appellant's objection at trial was that this opinion testimony was based on hearsay and was thus inadmissible.

" 'Evidence of value is not to be excluded merely because the valuation fixed by the witness as a matter of opinion depends on hearsay, hence the testimony of the witness is not objectionable for the reason stated. [Cit.]' [Cit.] '(Market value) may rest wholly or in part upon hearsay, provided the witness has had an opportunity of forming a correct opinion. If it is based on hearsay this would go merely to its weight and would not be a ground for valid objections. [OCGA § 24-9-66 (Code Ann. § 38-1709)] (Cits.)' [Cit.]" *Gibbs v. Clay,* 137 Ga. App. 381, 381-2 (224 SE2d 46) (1976). Accord, *Apostle v. Prince,* 158 Ga. App. 56 (1) (279 SE2d 304) (1981); *Maddox v. State,* 157 Ga. App. 696 (278 SE2d 480) (1981); *Toney v. Johns,* 153 Ga. App. 880 (267 SE2d 298) (1980).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 6, 1983.

*Bobby L. Cobb,* for appellant.
*Stanton J. Shapiro, Sharon R. Clutteur,* for appellee.