## 68092. LLOP v. McDANIEL, CHOREY & TAYLOR.

McMURRAY, Chief Judge.

Plaintiff McDaniel, Chorey & Taylor, a professional corporate law firm, brought suit against defendant Adele B. Llop, based on either contract, account or quantum meruit, to recover attorney fees allegedly owed by Mrs. Llop to the firm as a result of certain legal services performed on her behalf. On the trial of the case and after plaintiff had rested, defendant made a motion for a directed verdict. Defendant argued that the evidence clearly established that only Mr. McDaniel, in his individual capacity, and not the law firm, had been employed or authorized to perform services on her behalf and that as such, the law firm was not entitled to recover. The trial court, after hearing the arguments on the motion, denied defendant's motion and submitted the case to a jury. A jury verdict was rendered in favor of the plaintiff and following the denial of her motion for new trial, defendant appeals. *Held*:

1. With regard to the law firm's action based on either contract or account, defendant contends the trial court erred in refusing to grant her motions for directed verdict and new trial because the evidence was insufficient to establish either a contractual relationship or an account between herself and the law firm. At best, she argues the evidence was only sufficient to show either a contract or an account between herself and Mr. McDaniel in his individual capacity. We disagree.

"In reviewing both the overruling of a motion for directed verdict and the sufficiency of the evidence to support the verdict, this court will apply the 'any evidence' test. [Cit.] That is, where the evidence does not demand a particular finding, a directed verdict is not warranted; where there is some evidence to support the verdict, this court

will not interfere with it." *B & L Svc. Co. v. Gerson*, 167 Ga. App. 679 (1), 680 (307 SE2d 262).

Here, the evidence at trial reflects that at the time of the initial meeting with Mr. McDaniel, defendant was told that she would be informed of the person who performed work on her behalf. In this regard, the evidence shows that defendant was in fact informed (via periodic billing statements) of the various lawyers and legal assistants in the firm who performed work on her behalf, and further, that at no time during the course of the alleged representation by the firm did defendant ever voice an objection to the use of other lawyers of the firm. Furthermore, all correspondence with defendant, from the initial engagement letter to the periodic billing statements, bore the name of the law firm. Moreover, the uncontradicted testimony (given by Mr. McDaniel) was that "[s]he [defendant] employed the law firm."

Regarding the alternative theory of account, the record reflects that during the time of the alleged representation of defendant by the law firm, a detailed monthly statement (again, on stationery bearing the name of the law firm) was sent to defendant explaining the activity of her account. As Mr. McDaniel testified, the statements rendered contained information regarding the date [of the statement]; the person performing the services and the date performed; a description of the services performed; the hours, or fraction thereof, involved; the total time spent by the various people who performed services on defendant's behalf and their corresponding hourly rate; the costs and expenses incurred; the balance, if any, from previous months, that would be carried forward into the next successive statement; the amount of credit given for payments received; and the amount due on the date of the statement for the prior month's work. Although these statements were to be rendered each month, Mr. McDaniel admits that there were two months, due to inactivity of defendant's account, in which no statements were rendered. However, there is no showing that plaintiff's failure to submit two monthly statements between October 1980 and July 1982 caused defendant any harm. Furthermore, there was no testimony that the statements rendered were inaccurate or incomplete, and in this regard, the record reflects that the defendant had a balance due on her alleged account in the amount of $15,918.33.

Based upon the foregoing facts, there was certainly "some evidence" to support the verdict of the jury based on either contract or account. See *B & L Svc. Co. v. Gerson*, 167 Ga. App. 679 (1), 680, supra; *Speir v. Williams*, 146 Ga. App. 880 (1, 2) (247 SE2d 549). Therefore, the trial court properly denied defendant's motions for directed verdict and new trial.

2. In her second enumeration of error, defendant contends that

"[t]he trial court erred in instructing the jury on the law of account when there was no account between McDaniel, Chorey & Taylor, A Professional Corporation, and [defendant]." However, since the charge complained of does not amount to a substantial error as a matter of law (see OCGA § 5-5-24 (c) (formerly Code Ann. § 70-207)) and the record discloses no objection at trial on this ground, defendant has waived any right to assert error in the trial court's charge. See *Dept. of Transp. v. Whitehead*, 169 Ga. App. 226, 229 (2), 230 (312 SE2d 344). Accord *American Mut. Ins. Co. v. Thompson*, 169 Ga. App. 24 (1) (311 SE2d 846). Moreover, there was sufficient evidence in the record to authorize the court to charge the jury on the law of accounts.

3. There was also sufficient evidence to authorize the court to charge the jury on the law of quantum meruit. "The court has a duty to charge on the law applicable to the issues in the pleadings and the evidence. [Cit.] Slight evidence is sufficient to authorize a jury instruction. [Cits.]" *Lloyd v. Stone Mtn. Memorial Assn.*, 165 Ga. App. 679, 680 (2) (302 SE2d 602). From the evidence presented at trial a jury could find that the defendant hired the plaintiff (McDaniel, Chorey & Taylor, a professional corporation) as her attorney at law; that the plaintiff performed certain enumerated services as such attorneys which services were accepted by the defendant; that such services were of a stated reasonable value and the defendant refuses to pay therefor; that, as a result of the plaintiff's efforts and services which were accepted by the defendant, defendant has become enriched in a stated sum; and that, until the defendant pays the plaintiff the reasonable value of its services which produced such enrichment, such enrichment is unjust. See *Sellers v. City of Summerville*, 88 Ga. App. 109, 115 (2) (c) (76 SE2d 99). As a result of this evidence in support of the theory of quantum meruit, the trial court properly instructed the jury on it.

4. Defendant contends the trial court erred in refusing to charge the jury as to OCGA § 13-3-45 (formerly Code Ann. § 20-305) (effect of partially valid consideration; effect of illegal consideration), OCGA § 13-5-9 (formerly Code Ann. § 20-310) (total or partial failure of consideration generally), and OCGA § 13-5-30 (formerly Code Ann. § 20-401) (agreements required to be in writing). We disagree.

First, defendant asserts that the trial court erred in refusing to charge the jury on OCGA § 13-5-9, supra. This assertion, however, is supported by neither argument nor citation of authority. It is therefore deemed abandoned pursuant to Rule 15 (c) (2) of the Rules of the Court of Appeals of Georgia, adopted February 23, 1981, effective September 1, 1981. See *Ale-8-One of America v. Graphicolor Services*, 166 Ga. App. 506, 508 (8) (305 SE2d 14).

Second, defendant contends that although the agreement with

Mr. McDaniel in his individual capacity may have been supported by good consideration, the alleged agreement with his law firm was not. Thus, defendant argues that the trial court should have charged on OCGA § 13-3-45, supra, with respect to consideration which is "good in part and void in part." However, here, the evidence shows that at the time of her objection to the trial court's charge, defendant did not specify which portions of OCGA § 13-3-45, supra, she wanted the trial court to charge. Thus, since part of the statute refers to an issue that did not exist in this case (i.e., the effect of illegal consideration), the trial court properly refused to give the charge. A request to charge the jury must be correct, legal, apt, and precisely adjusted to some principle or issue involved in the case. If any portion of the request is inapt, incorrect, or not authorized by the evidence, denial of the request is proper. See *Fowler v. Gorrell*, 148 Ga. App. 573, 576 (2) (a) (251 SE2d 819), and cases cited therein. Moreover, even assuming that the trial court should have given such a charge to the jury, in view of the alternative theories upon which this suit was based (i.e., contract, account, or quantum meruit) and the ultimate findings of the jury, we must conclude that the failure to charge was harmless error. See *Stephens v. Hopper*, 241 Ga. 596, 601 (247 SE2d 92); *Walker v. City of Atlanta*, 161 Ga. App. 465, 468 (288 SE2d 723).

Finally, defendant argues that the trial court erred in refusing to charge the jury on OCGA § 13-5-30, supra. However, since the alleged agreement between plaintiff and defendant could possibly have been performed within one year from the time of its making, it does not fall within subdivision 5 of OCGA § 13-5-30, supra. See *Klag v. Home Ins. Co.*, 116 Ga. App. 678, 687 (158 SE2d 444). Nor does it fall within any of the other subdivisions of that statute. Furthermore, the Statute of Frauds (i.e., OCGA § 13-5-30, supra) is no bar to relief in quantum meruit. See *Dawn Memorial Park v. Southern Cemetery Consultants*, 115 Ga. App. 180, 181 (3) (154 SE2d 258). Thus, the trial court properly refused to charge the jury on OCGA § 13-5-30, supra.

5. Defendant contends the trial court erred in entering judgment on the jury verdict without considering her ability to pay. However, defendant has cited no authority for the proposition that the trial court has to take into account the financial situation of a defendant in granting a judgment based on either contract, account, or quantum meruit. Nor has our research disclosed any such authority. This contention is without merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 28, 1984.

*L. Scott McLarty*, for appellant.

*William G. McDaniel,* for appellee.