## 73772. LAMB v. R. L. MATHIS CERTIFIED DAIRY COMPANY.

(359 SE2d 214)

POPE, Judge.

An automobile owned by plaintiff Lamb and driven by plaintiff's wife was involved in a collision with a vehicle owned by defendant Mathis Certified Dairy Company and driven by its employee. Defendant admitted liability for the collision and agreed to pay plaintiff for damages to his automobile. Defendant reimbursed plaintiff for repairs made by the body shop and for a bill for one month's rental of a replacement automobile. Defendant refused to pay for mechanical work performed on the engine or for automobile rental charges for an additional six weeks. Plaintiff brought this action to recover his additional claims. Plaintiff appeals from the directed verdict in favor of defendant.

1. We agree the trial court erred by directing a verdict in favor of defendant as to plaintiff's claim of $90.74 for the replacement of a tire. No photographs of the automobile either before or after the collision were offered as evidence. However, it is undisputed that the "front side" of the plaintiff's automobile was struck and damaged in the collision. Plaintiff was not an eyewitness to the accident but arrived at the scene before the automobile was removed. Thus, he had the opportunity to observe the physical damage sustained in the collision. Plaintiff testified one of the tires was damaged in the collision and he paid $90.74 to replace the tire. The trial court improperly excluded the invoice for the tire and erred in directing a verdict in defendant's favor as to plaintiff's claim for said damages. Plaintiff's testimony concerning the damage he observed to the tire and its relation to the location of other physical damage to the vehicle was competent circumstantial evidence sufficient to create a jury issue as to plaintiff's claims for damages to the tire. The testimony of an expert witness would not be required for physical damage plaintiff was able to observe for himself.

2. However, plaintiff's testimony was insufficient to create an issue for the jury as to whether mechanical work performed on the en-

gine of the vehicle was causally related to the collision. The vehicle in question was a 1976 BMW which was nine years old at the time of collision in 1985. Bills for mechanical work which the plaintiff sought to submit into evidence contained charges for replacement of numerous engine parts, including spark plugs, the back tail light, the radio antenna and the air flow meter. Plaintiff testified he personally examined the parts removed and replaced by the mechanic and that they were damaged. However, plaintiff admitted he was not an expert in the area of engine repairs. Testimony concerning the owner's unqualified opinion as to causation of internal mechanical damage to an automobile is quite different from testimony concerning outwardly visible external damage which did not require the testimony of an expert, as discussed in Division 1. Plaintiff was admittedly unqualified to offer an opinion as to whether all or part of the work performed on the engine was necessitated by damage sustained in the collision. Since plaintiff's unqualified testimony was the only evidence offered by him on the issue of mechanical damage, the trial court properly excluded copies of the mechanic's bills from the record and properly directed a verdict to the defendant on this item of damage.

3. Plaintiff offered no expert testimony as to the permanent impairment of the value of the automobile. However, "[o]ne need not be an expert or dealer in the article in question but may testify as to its value if he has had an opportunity for forming a correct opinion." OCGA § 24-9-66. Plaintiff testified that the automobile was traded for $4,000 on another vehicle approximately six months after the collision. The amount received for trade of a vehicle after repairs have been made is admissible on the issue of depreciation in value. *Appling Motors v. Todd*, 143 Ga. App. 644 (2c) (239 SE2d 537) (1977). It was plaintiff's opinion that the automobile was worth $8,500 prior to the collision. This opinion was based upon plaintiff's survey of the sales price offered by dealers and in newspaper advertisements for automobiles of the same make and model in similar condition. Plaintiff also offered his description of the condition of the automobile before the collision and after repairs had been made. "This was sufficient foundation for him to testify as to the value of the car before the accident. . . . No expert witness was needed." *Rutledge v. Glass*, 125 Ga. App. 549 (1) (188 SE2d 261) (1972). Plaintiff's testimony created an issue for jury determination as to his claim for diminished value of the automobile. The trial court erred in directing a verdict in favor of defendant on this item of damage.

4. An issue was also created as to whether plaintiff was entitled to additional damages for rental of a replacement vehicle. As discussed in Division 2 of this opinion, plaintiff did not properly establish that the work performed by the mechanic was causally related to the collision. Therefore, plaintiff is not entitled to an award for rental

of a replacement vehicle for the time required to make those repairs. However, defendant does not dispute liability for repairs made by the body shop. Therefore, plaintiff would be entitled to reasonable rental value of a comparable car for a reasonable length of time to have the body repairs completed. See *Apostle v. Prince*, 158 Ga. App. 56 (2) (279 SE2d 304) (1981).

The collision which forms the basis for plaintiff's complaint occurred on October 1, 1985. While defendant admitted liability and agreed to reimburse plaintiff for his damages, defendant did not approve the estimate provided by the body shop chosen by plaintiff until October 24, 1985, at which time plaintiff notified the shop to commence repairs. Repairs were not complete until December 10, 1985. However, defendant refused to reimburse plaintiff for rental fees beyond October 31, 1985, merely one week after repairs were commenced. Where no evidence of the reasonableness of time for repairs is offered, this court has held as a matter of law that a plaintiff is not entitled to recover an amount for loss of use of a vehicle where it was alleged that the vehicle was out of service for six weeks. See *Northern Freight Lines v. Turner*, 93 Ga. App. 309 (2) (91 SE2d 372) (1956); *Webb v. May*, 91 Ga. App. 437 (2) (85 SE2d 641) (1955). Plaintiff presented no oral testimony as to why the repairs took over six weeks to perform. However, plaintiff submitted an itemized bill listing the labor charges and the parts repaired or replaced by the body shop. This list served as evidence sufficient to take the issue of reasonableness of repair time to the jury. We cannot find as a matter of law that it is unreasonable for a plaintiff to wait until after a defendant, who has admitted liability, has agreed to a repair estimate before authorizing a shop to commence repairs, or that it is unreasonable for repairs, once commenced, to take more than one week to complete. Neither can we find as a matter of law that the rental charges for a current model Ford are not reasonably related to the value of loss of use of a nine-year-old BMW. In this case, the reasonableness of additional rental charges after October 31, 1985 is rightly an issue for the jury. The lower court erred in directing a verdict in favor of defendant on plaintiff's claim for loss of use of the vehicle.

5. The court did not err in excluding from evidence certain correspondence between plaintiff and attorney for defendant concerning negotiations on the disputed claim for legal fees and mechanical repairs. Discussions between the parties concerning disputed claims are not admissible in evidence. See generally *Teasley v. Bradley*, 110 Ga. 497 (6) (35 SE 782) (1900). It is true that certain letters among those excluded did not concern the disputed claim but simply acknowledged plaintiff's admission of liability for the accident. However, the exclusion of these letters was not reversible error since defendant did not contest liability.

6. We find no merit in plaintiff's argument that the letters admitting liability should have been admitted as evidence of defendant's agreement to reimburse plaintiffs for all costs of repairs. Defendant's admission of liability for the negligence of its employee does not establish an agreement or contract between parties. The issue of defendant's liability for damages is uncontroverted; the only issue in this case is plaintiff's damages.

7. Plaintiff's complaint also prayed for an award of attorney fees and punitive damages by alleging that defendant had been stubbornly litigious and had acted in bad faith in denying certain of plaintiff's claims after admitting liability for the collision. Plaintiff is not entitled to punitive damages. Additional damages for tortious conduct are allowed only where there are aggravating circumstances in the act or the intention. OCGA § 51-12-5. Plaintiff has presented no evidence of aggravated circumstances in the collision which forms the basis for his complaint. Despite the references in plaintiff's complaint to defendant's bad faith and fraudulent conduct, plaintiff's complaint does not state a claim for fraud. Defendant's admission of liability for the negligence of its employee does not establish a contract for an agreement to pay plaintiff's bills. Therefore, plaintiff may not recover punitive damages under a theory of fraudulent breach of contract or fraudulent misrepresentation.

However, plaintiff may recover attorney fees and expenses of litigation if the facts show defendant acted in bad faith in denying plaintiff's additional claims or was stubbornly litigious. Pursuant to Divisions 1, 3 and 4, issues of fact for the jury are presented in regard to certain of the plaintiff's claims. Whether defendant has acted in bad faith or has been stubbornly litigious in denying those claims is an issue for jury determination. OCGA § 13-6-11. Therefore, the trial court erred in directing a verdict in favor of defendant in regard to plaintiff's claim for expenses of litigation.

*Judgment affirmed in part and reversed in part. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 29, 1987.

*Patricia A. Hoin, T. Gordon Lamb*, for appellant.
*Sidney L. Moore, Jr.*, for appellee.