## 75754. SHEFFIELD v. KIRKLEY.
(363 SE2d 68)

DEEN, Presiding Judge.

Louise Kirkley brought suit against Betty Jean Sheffield to recover damages for the wrongful death of her husband, Raymond Kirkley, Sr. Kirkley was killed in an explosion which occurred at The Auto Clinic, a business owned and operated by Betty Jean Sheffield and managed by her husband, Warren Sheffield. Shortly before the explosion an employee directed Kirkley to the area where Sheffield was working. The explosion resulted from the negligence of Warren Sheffield when he attempted to connect an oxygen tank with a maximum of 2,015 pounds per square inch pressure into a smaller acetylene tank which had a 450 pounds per square inch pressure. The jury

returned a verdict in favor of Kirkley's widow in the amount of $34,500. Betty Jean Sheffield appeals following the denial of her motion for a new trial contending that the trial court erred in failing to direct a verdict because there was no evidence that she was the principal of her husband, and she also asserts the general grounds.

1. The evidence showed that Warren Sheffield formerly operated a business known as the Eastman Auto Center. He closed it in 1982 after encountering financial difficulties. Shortly thereafter, in the latter part of 1982, Sheffield opened The Auto Clinic at a new location, and a business license was issued in March of 1983 listing Sheffield's wife, Betty Jean, as the owner. An employee of The Auto Center testified that appellant posted the business license and "she said she was going to be our new boss lady." He further testified that Warren Sheffield had told him before the business opened that they "were going to have a new boss lady." The employee stated that Mrs. Sheffield came by the business every morning, would help him write out repair orders when her husband was not there, and would write down the pricing.

On cross-examination appellant identified Schedule "C"·of the Sheffields' joint federal income tax return for 1982 which shows that she was the proprietor of a business known as The Auto Clinic, which was operated for four months in 1982. Schedule "C" of the 1983 tax return also shows that she was the owner of The Auto Shop. The latter tax return was prepared by an accountant selected by her. She also testified that she signed the checks that accompanied the quarterly tax returns.

The vice-president of a bank testified that the signature cards for The Auto Shop's account shows that both appellant and her husband were authorized to sign checks written on the account.

The evidence as set forth above was ample to withstand a motion for a directed verdict. "Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. OCGA § 9-11-50 [Cit.]" *Wilson v. Pickels*, 181 Ga. App. 293, 295 (352 SE2d 208) (1986). "In reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the 'any evidence' test. [Cits.]" *Speir v. Williams*, 146 Ga. App. 880 (1) (247 SE2d 549) (1978). The trial court did not err in denying the motion for a directed verdict.

2. The remaining enumeration of error asserting the general grounds is also without merit. "[T]he only query is whether the evidence supported the verdict. [Cits.]" *Daniels v. Hartley*, 120 Ga. App. 294 (170 SE2d 315) (1969). Reviewing the evidence presented at trial, we find there was sufficient evidence presented, which if believed by the jury, authorized the verdict in favor of Mrs. Kirkley.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 17, 1987.

*J. Stanley Smith, Jr.,* for appellant.
*Wilton D. Harrington,* for appellee.