[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 10, 2012
JOHN LEY
CLERK

_____

No. 11-12807

_____

D.C. Docket No. 1:08-cv-00942-RLV

MCI COMMUNICATIONS SERVICES, INC.,
d.b.a. Verizon Business,

Plaintiff - Appellant,

versus

CMES, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 10, 2012)

Before MARTIN, HILL and EBEL,* Circuit Judges.

PER CURIAM:

---

* Honorable David M. Ebel, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

MCI Communications Services, Inc. ("MCI") appeals from the district court's grant of summary judgment defeating its claim for loss-of-use damages. Because this case involves an unsettled question of Georgia law, we find it prudent to certify it to the Supreme Court of Georgia.

On March 30, 2007, CMES, Inc. was performing excavation work in Stone Mountain, Georgia, when it severed an underground fiber-optic cable owned by MCI. The severance caused 568,263 phone calls to be blocked, out of which arose 242 customer complaints. The remaining traffic on the cable was rerouted, using MCI's spare capacity. Although the severance did cause phone calls to be blocked and customers to file complaints, MCI did not issue any customer refunds or credits, lose any customers, or lose any profits. MCI also did not rent substitute capacity from any other carrier. Indeed, there is no market for renting optical carriers on an hourly basis.

MCI filed suit against CMES, seeking loss-of-use damages measured by the theoretical rental value of substitute equipment for the duration of the outage (about 9 hours). MCI calculates this amount to be more than $362,000, in addition to the roughly $28,000 that MCI spent to repair the cable. The district court granted summary judgment on this loss-of-use damages claim, holding that Georgia law does not authorize the recovery of such damages under the

undisputed facts of this case. On appeal, MCI argues that the district court erred in this holding. MCI asserts that Georgia law permits a telecommunications service provider whose cable is severed to recover loss-of-use damages measured by the rental value of substitute cable, even when it has not rented such cable or otherwise incurred any monetary loss apart from the cost of repair.

To support this argument, MCI relies primarily on three decisions of the Georgia Court of Appeals. None of these cases, however, involve the severance of a telecommunications cable. See S. Crate & Veneer Co. v. McDowell, 293 S.E.2d 541, 542 (Ga. Ct. App. 1982) (pulpwood truck); Apostle v. Prince, 279 S.E.2d 304, 305 (Ga. Ct. App. 1981) (personal car); Appling Motors, Inc. v. Todd, 239 S.E.2d 537, 538 (Ga. Ct. App. 1977) (corn combine). Beyond that, insofar as these cases suggest that an owner of personal property need not rent substitute equipment in order to recover loss-of-use damages, there appears to be contrary authority from the Georgia Court of Appeals. See, e.g., Hightower v. Gen. Motors Corp., 332 S.E. 2d 336, 339 (Ga. Ct. App. 1985) (indicating that the use of spare equipment precludes the recovery of loss-of-use damages), overruled on other grounds by Pender v. Witcher, 397 S.E.2d 193, 193–94 (Ga. Ct. App. 1990).

In MCI WorldCom Network Services, Inc. v. Mastec, Inc., 370 F.3d 1074 (11th Cir. 2004), we were faced with a case that also involved the severance of a

telecommunications cable, but that arose under Florida law.  Id. at 1075–76.

Because Florida law was unsettled at the time, we found it appropriate to seek

guidance from the Florida Supreme Court.  Id. at 1078–79.  Here, given that there

is no Georgia appellate decision that squarely controls this case, and given the

seemingly conflicting currents in Georgia jurisprudence, we find that certification

is appropriate as well.  See Royal Capital Dev., LLC v. Md. Cas. Co., 659 F.3d

1050, 1054 (11th Cir. 2011) (noting that certification prevents the need for this

Court to make "unnecessary Erie guesses" (quotation marks omitted)).

Therefore, pursuant to Rules 46 and 47 of the Georgia Supreme Court, we

respectfully certify the following question of law to the Georgia Supreme Court:

> Under Georgia law, may a telecommunications service provider whose
> cable is severed recover loss-of-use damages measured by the rental
> value of substitute cable when it has not rented such cable or otherwise
> incurred any monetary loss apart from the cost of repair?

As always, we do not intend our statement of the question to limit the Georgia

Supreme Court's consideration of this case.  Id.  Of course, the Georgia Supreme

Court is free to rephrase the question in any manner it deems appropriate.  Mastec,

Inc., 370 F.3d at 1079.  To assist the Court, we hereby order that the entire record

in this case, as well as the briefs of the parties, be transmitted with this

certification.

**QUESTION CERTIFIED.**