[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12807
_____

D.C. Docket No. 1:08-cv-00942-RLV


MCI COMMUNICATIONS SERVICES, INC.,
d.b.a. Verizon Business,

Plaintiff - Appellant,

versus

CMES, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 15, 2012)

Before MARTIN, HILL and EBEL,* Circuit Judges.

PER CURIAM:

_____

* Honorable David M. Ebel, United States Circuit Judge for the Tenth Circuit, sitting by designation.

MCI Communications Services, Inc. ("MCI") appeals from the district court's grant of summary judgment defeating its claim for loss-of-use damages. We affirm.

On March 30, 2007, CMES, Inc. was performing excavation work in Stone Mountain, Georgia, when it severed an underground fiber-optic cable owned by MCI. The severance caused 568,263 phone calls to be blocked and 242 customer complaints to be filed. The remaining traffic on the cable was rerouted, using MCI's spare capacity. Although the severance did cause phone calls to be blocked and customers to file complaints, MCI did not issue any customer refunds or credits, lose any customers, or lose any profits. MCI also did not rent substitute capacity from any other carrier. Indeed, there is no market for renting optical carriers on an hourly basis.

MCI filed suit against CMES, seeking loss-of-use damages measured by the theoretical rental value of substitute equipment for the duration of the outage (about 9 hours). MCI calculates this amount to be more than $362,000, in addition to the roughly $28,000 that MCI spent to repair the cable. The district court granted summary judgment on this loss-of-use damages claim, holding that Georgia law does not authorize the recovery of such damages under the undisputed facts of this case. On appeal, MCI argues that the district court erred

2

in this holding.  MCI asserts that Georgia law permits a telecommunications service provider whose cable is severed to recover loss-of-use damages measured by the rental value of substitute cable, even when it has not rented such cable or otherwise incurred any monetary loss apart from the cost of repair.

When we took this case under submission, there was no Georgia appellate decision that was squarely on point.  MCI Commc'ns Servs., Inc. v. CMES, Inc., 669 F.3d 1313, 1314 (11th Cir. 2012).  This being the case, we certified the following question of law to the Georgia Supreme Court:

> Under Georgia law, may a telecommunications service provider whose cable is severed recover loss-of-use damages measured by the rental value of substitute cable when it has not rented such cable or otherwise incurred any monetary loss apart from the cost of repair?

Id.

Recently, the Georgia Supreme Court answered our question in the negative.  See MCI Commc'ns Servs., Inc. v. CMES, Inc., ___ S.E.2d ___, ___, No. S12Q0941, 2012 WL 2219563, at *3–9 (Ga. June 18, 2012).  Specifically, the Court held that "MCI cannot recover loss of use damages [measured by the hypothetical value of renting substitute equipment] absent some showing of monetary loss apart from the cost of repair."  Id. at *3.  In view of this holding, it is clear that the district court did not err in granting summary judgment on MCI's

claim for loss-of-use damages.  We therefore affirm its judgment.

We thank the Justices of the Georgia Supreme Court for their thorough guidance on this question.

**AFFIRMED.**